GRAND RAPIDS FURNITURE CO. *v.* GRAND RAPIDS FURNI-
TURE SHOPS.

1. CORPORATIONS—TRADE-NAMES—STATUTES—CONFUSION IN NAMES.
    In a suit by the Grand Rapids Furniture Company to en-
    join the Grand Rapids Furniture Shops from using such
    name or any other name so similar to that of plaintiff as to
    lead to uncertainty or confusion, where no fraud or unfair
    competition was charged, plaintiff's right to relief must
    rest on a violation of the statute (2 Comp. Laws 1915,
    § 9018, superseded by Act No. 84, Pub. Acts 1921, Comp.
    Laws Supp. 1922, § 9053 [13]) prohibiting a corporation
    from using any name already in use by an existing cor-
    poration or one so nearly similar as to lead to confusion
    or deception.

2. SAME—CONFUSION MUST BE REAL.
    The confusion resulting from similarity of names, in
    order to entitle plaintiff to injunctive relief, must be real,
    not imaginary; substantial, not illusive.

3. SAME—INJUNCTION—SHOWING—SUFFICIENCY.
    A showing by plaintiff that the names of plaintiff and de-
    fendant have been confused on many occasions by persons
    having business relations with the two corporations, re-
    sulting in serious inconvenience, *held*, to entitle plaintiff
    to the injunctive relief sought.

Appeal from superior court of Grand Rapids; Dun-
ham (Major L.), J.    Submitted October 24, 1922.
(Docket No. 117.)    Decided February 5, 1923.

Bill by the Grand Rapids Furniture Company against
the Grand Rapids Furniture Shops to enjoin the use
of a corporate name. From a decree dismissing the
bill, plaintiff appeals. Reversed, and decree entered
for plaintiff.

On rights of corporations in respect to trade names, see notes
1 L. R. A. 44; 9 L. R. A. 149; 17 L. R. A. 129; 19 L. R A. 53.

*Travis, Merrick, Warner & Johnson,* for plaintiff.

*Knappen, Uhl & Bryant,* for defendant.

SHARPE, J.  The plaintiff since 1907 has been engaged in the manufacture and sale of furniture of all kinds in Grand Rapids under its present corporate name.  It specializes in living-room and dining-room furniture and library tables.  It advertises extensively in the trade journals and in metropolitan papers.  For several years the defendant has been engaged in the manufacture and sale of furniture in Grand Rapids.  Before May, 1921, its corporate name was the "John D. Raab Chair Company."  At that time it amended its articles by changing its corporate name to "Grand Rapids Furniture Shops."   Both companies market their furniture in the same way, through the furniture exhibitions held annually in Grand Rapids, by soliciting salesmen and by filling mail orders.  The bill alleges that as soon as plaintiff was informed of defendant's change of name it—

"advised defendant that the intended use of said name was illegal and attempted to get defendant to abandon its design to use the same but without success."

It also, through its attorneys, called defendant's attention to the fact that the similarity of names was an invasion of its rights and liable to lead to confusion. On June 17, 1921, plaintiff filed the bill of complaint herein, praying that defendant be enjoined—

"from using such name, or any other name so similar to that of plaintiff as to lead to uncertainty or confusion."

The answer denies any intent to "take advantage of the reputation or good will of the plaintiff," and also denies that the similarity of names will "confuse or

mislead the public or the customers of either plaintiff or defendant."

The proofs were taken in open court. The trial court dismissed the bill of complaint, holding that the defendant "had no design to confuse or deceive the public," that "no customer of plaintiff has been confused or deceived as to the identity of plaintiff or of defendant," and that the confusion and inconvenience shown was "extremely slight, compared with the volume of business of plaintiff and defendant, and has resulted solely from the carelessness" of employees and "does not constitute actual confusion." The plaintiff appeals.

The hearing was had on December 8, 1921. That confusion resulted from the similarity of names is clearly established. Plaintiff was repeatedly notified by railroad companies to remove merchandise which was consigned to defendant. On several occasions plaintiff's drivers hauled such merchandise to its factory before the mistake was discovered. Express and transfer companies made similar mistakes as to delivery. Dealers in the city delivered goods ordered by defendant to the plaintiff. Cars of lumber and coal belonging to defendant were placed for unloading by plaintiff. The employees of the railroad had marked the cars in chalk with the name of plaintiff. Mail intended for defendant was delivered to plaintiff. Envelopes properly addressed to plaintiff were found to contain inclosures intended for defendant. Many checks, some of them made payable to plaintiff's order, though intended for defendant, were thus received. There was similar confusion in the receipt of invoices, bills of lading and statements of account, and in a considerable number of cases in orders for goods. Confirmation of orders given to defendant was received by plaintiff. Purchasers of goods from plaintiff have remitted therefor to defendant. Without further

particularizing, the proofs show a confusion in all matters handled by mail in the business of the respective companies. There was also confusion in telegrams and long distance telephone calls.

The statute regulating the incorporation of such corporations in force in May, 1921, provided:

"No name shall be assumed already in use by any other existing corporation of this State, * * * or so nearly similar as to lead to uncertainty or confusion." Act No. 232, Pub. Acts 1903, § 2 (2 Comp. Laws 1915, § 9018).

This statute was superseded by a general statute enacted in 1921, in which the above provision now reads:

"No corporation shall assume any name already in use by any other existing corporation of this State, or corporation lawfully carrying on business in this State, or so nearly similar thereto as to lead to confusion or deception." Act No. 84, Pub. Acts 1921, part 1, chap. 2, § 3 (Comp. Laws Supp. 1922, § 9053 [13]).

We think the change unimportant as the proofs of plaintiff clearly establish confusion and this word appears in both statutes. The questions presented as we view them are:

(1) Are the names so nearly similar as to lead to confusion?

(2) Did such confusion result as entitles plaintiff to relief?

1. A corporation cannot exist without a corporate name. Geographical words and those generic or descriptive of a business are frequently used. We are not here concerned with the rules of law applicable to the assumption of such names by corporations afterwards organized where fraud, deception and unfair competition are charged. The bill of complaint contains no such allegations. Plaintiff's right to relief

must rest on a violation of the statute by the defendant.

It is important to bear in mind that plaintiff and defendant were engaged in business in the same city. The distinctive words used in both names are "Grand Rapids Furniture." It is these that attract general attention, and not the word "company" or "shops" which follows. The distinction between the latter would scarcely be noticed by the ordinary observer. If noticed, we think many would probably understand that the Grand Rapids Furniture Shops was the place of manufacture of the Grand Rapids Furniture Company. It cannot be assumed that the many mistakes made were all due to carelessness. In our opinion they might have been expected to follow, naturally and necessarily, from the use by defendant of a name so similar to that of plaintiff. An ordinarily prudent person who had long known of or had business relations with the plaintiff and had no knowledge of the organization of defendant would be almost certain to infer that letters, telegrams, telephone calls, etc., addressed to the latter were intended for the former. It is the words of a name which the eye first catches or rests upon which fix it in our minds. In the recent case of *Pere Marquette R. Co.* v. *Ashley, ante,* 104, confusion resulted from the change of the name from "railroad" to "railway" company. We are impressed that these names are so nearly similar that confusion would naturally and necessarily follow their use by these two companies engaged in the same line of business in the same city.

The question presented is one of fact. Many authorities are cited by counsel. They but serve to indicate the conclusion reached under the showing of similarity presented in each case. *People's Outfitting Co.* v. *People's Outlet Co.,* 170 Mich. 398, is relied on by plaintiff. The plaintiff in that case was in-

corporated in 1893 under the name "People's Outfitting Company," defendant in 1910 under the name "People's Outlet Company." Both were engaged in a similar business along certain lines. The allegations in the bill are set out at length in the opinion. On demurrer, it was held that the use of the words as arranged was "misleading in fact" and that plaintiffs were entitled to injunctive relief. Counsel for defendant urge that if the opinion in that case was—

"intended to lay down any different rule than that in the *Farrand Case* and the *Michigan Savings Bank Case*, it has been plainly overruled in the *Detroit Savings Bank Case* and the *Chaffee Case*."

The *Farrand Case* (*Williams* v. *Farrand*, 88 Mich. 473 [14 L. R. A. 161]) involved the right to the use of individual names in a copartnership. The statute was not considered. In the *Michigan Savings Bank Case* (*Michigan Savings Bank* v. *Dime Savings Bank*, 162 Mich. 297 [139 Am. St. Rep. 558]), the latter acquired the business of the Citizens' Savings Bank and desired to change its corporate name to "The Bank of Michigan." Plaintiff, after protest, sought to enjoin such action. The gist of the opinion is thus stated:

"It is the general rule that when they are properly descriptive, the use of geographical words in a business name will not be enjoined, in the absence of estoppel or of actual fraud, or public misleading. In enforcing a statute intended to prevent some of these results, it must be made to appear that it is reasonably certain they will follow the use of the name sought to be enjoined. The principle is the same in either case."

It was also said:

"We may also consider that if relief is refused and conjecture is in actual experience made fact, the complaining corporation may have its remedy."

In *Detroit Savings Bank* v. *Highland Park State Bank*, 201 Mich. 601, defendant changed its name to "Bank of Detroit," and plaintiff sought to enjoin the use of this name because of the similarity of the two names. It was said:

"The dissimilarity or unlikeness of the title 'The Detroit Savings Bank' and 'Bank of Detroit' are so great, and so striking, that no argument, it seems to us, is necessary.

"Upon the subject of public confusion, a careful reading of the evidence leads us to the conclusion reached by the trial court. Such confusion as was shown was due to carelessness and lack of ordinary care, and not to similarity of names."

But three specific instances of confusion were shown.

In *Young, etc., Furniture Co.* v. *Furniture Co.*, 204 Mich. 293, the name of the plaintiff corporation was "Young & Chaffee Furniture Company" and that of defendant "Chaffee Brothers Furniture Company." The use of the word "Young" in the former would so attract general attention as justified the holding that—

"A comparison of the names of these two corporations does not persuade us that from the names alone uncertainty and confusion is liable to arise."

Whether unfair competition resulted was then considered. Stress was laid on the fact that the name of defendant corporation was that of its principal stockholders. In discussing the cases, the court said:

"In *People's Outfitting Co.* v. *People's Outlet Co.*, 170 Mich. 398, the case was heard on demurrer to the bill. It was held that taking the allegations of the bill as true a case for equitable relief was made out."

An examination of the record in the instant case discloses that the facts proven evidence much more confusion than those alleged in the bill in the *Outfitting Case.*

In *Dayton* v. *Imperial Sales & Parts Co.*, 195 Mich. 397, plaintiffs, doing business as "Imperial Automobile Parts Company," sought to restrain the defendant from doing business under the copartnership name of "Imperial Sales & Parts Company," because of the unfair competition due to the use of such name. This court said:

"The scheme of the bill is purely unfair competition in trade arising through the adoption by defendants of not only the word 'Imperial,' which through its previous adoption, and adaptation by plaintiffs' grantor to a named article of its manufacture was used with an expansive meaning, but particularly, and in that connection, to the assumption of a trade name closely imitating that of plaintiffs, leading to confusion and tending, because of its similarity, to be taken by the public for that of plaintiffs."

The following was quoted with approval from the opinion of the trial court:

"There is a misleading and studied similarity between the names   *   *   *   well calculated to confuse the public into mistaking one for the other."

A very instructive discussion will be found in *Supreme Lodge K. of P.* v. *Improved Order K. of P.*, 113 Mich. 133 (38 L. R. A. 658), wherein this court adopted as its own the opinion of Justice CARPENTER, then a judge of the Wayne circuit. We quote therefrom:

"It is enough that the name should be used under such circumstances as would lead the public to believe that the latter organization was the former, and thereby cause injury to the former corporation.   *   *   *

"Where the name was not chosen for the purpose of deception, and has not been used under circumstances intended or calculated to deceive, the similarity of names must be such as to deceive ordinary persons proceeding with ordinary care, to justify the interference of a court.   *   *   *

"The best possible evidence that names are suf-

ficiently similar to mislead the public is the fact that
the public, or some portion thereof, has been misled."

In *Northwestern Knitting Co.* v. *Garon,* 112 Minn.
321 (128 N. W. 288), plaintiff sought to enjoin the de-
fendant from the use of "Northwestern Knitting Mill"
as its corporate name.    The former did business in
Minneapolis and the latter in Duluth.    The court said:

"There is no substantial difference between plain-
tiff's corporate name, 'Northwestern Knitting Com-
pany,' and that adopted by defendant, 'Northwestern
Knitting Mill.' "

That their business was conducted in different cities
was said to be immaterial as they were both "dealing
with traders in the same territory."

In *Atlas Assurance Co., Ltd.,* v. *Atlas Insurance Co.,*
138 Iowa, 228 (112 N. W. 232, 15 L. R. A. [N. S.]
625, 128 Am. St. Rep. 189), it was said:

"There is such a resemblance between the plaintiff's
name and the defendant's name that a person desiring
to purchase insurance might easily be misled as to the
company he was in fact dealing with."

We refrain from a further discussion or citation of
cases.    Those in which it was sought to enjoin the use
of a trade-name or to restrain the use of one so nearly
similar as to result in unfair competition have little
application here as plaintiff's rights, as before stated,
are based on defendant's violation of the statute.    It
contains no exception.    It prohibits the assumption
of a corporate name so similar as to lead to confusion
without regard to whether unfair competition will re-
sult.    To apply the latter test in a case brought under
the statute would nullify the purpose of its enactment.

2. That confusion has, resulted is apparent from the
record.    We are unable to agree with the trial court
that the confusion proven was so slight as not to justi-
fy relief.    When it is shown that the names have been
confused on many occasions by persons having busi-

ness relations with the two corporations and serious inconvenience has resulted therefrom, we see no way in which a line can be drawn differentiating that to which the statute applies and that to which it does not apply. The confusion must, of course, be real, not imaginary; substantial, not illusive. Were we in doubt on this question, we would feel impelled to grant plaintiff's motion to remand the record in order that plaintiff might show that the confusion has continued, if not increased, since the hearing. The affidavits filed in support of the motion tend to strongly support this claim. The proofs submitted establish much greater confusion than was alleged in the *People's Outfitting Case.* The language of the statute is in no way uncertain. The plaintiff is entitled to the benefit of it, and the defendant in its change of corporate name was bound to observe the prohibition therein contained.

We feel constrained to hold that plaintiff by its pleadings and proofs has made out a case entitling it to injunctive relief against defendant's use of the name assumed by it. A decree will be here entered granting such relief. Plaintiff will recover costs of both courts.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, BIRD, and STEERE, JJ., concurred. MOORE, J., did not sit.