SWEET SIXTEEN SHOPS OF DETROIT *v.* GOODMAN.

1. TRADE-MARKS AND TRADE-NAMES—UNFAIR COMPETITION—APPLICATION OF LAW.

   The law of unfair competition seeks only to restrain fraudulent practices inducing ,confusion of goods and deception of the public, and does not apply to adoption of trade-marks or labels intended to attract and popularize products, although it results, and is intended to result, in better enabling the adopters to compete with competitors, where no deception or confusion of goods is caused or intended thereby.

2. SAME—EVIDENCE INSUFFICIENT TO SHOW UNFAIR COMPETITION ALTHOUGH SOME CONFUSION SHOWN.

   Where plaintiff conducted a business of selling ladies'

---

As to what constitutes unfair competition, see 26 R. C. L. pp. 875, 880, 883; 3 R. C. L. Supp. 1484; 4 R. C. L. Supp. 1684; 6 R. C. L. Supp. 1573.

dresses under the name of "Sweet Sixteen Shops" at the uniform price of $16, and defendants leased a building one block away and conducted a similar business under the name of "Fifteen Shoppe," and sold dresses at the uniform price of $15, adopting many of plaintiff's business methods, there was no unfair competition, although there was some evidence of confusion on the part of customers; there being little actual similarity.

Appeal from Wayne; Miller (Guy A.), J.   Submitted April 20, 1928.   (Docket No. 24, Calendar No. 33,528.)   Decided June 4, 1928.

Bill by the Sweet Sixteen Shops of Detroit against Eva Goodman and others to enjoin unfair competition. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*William Henry Gallagher* (*William H. Kaplan,* of counsel), for plaintiff.

*Chawke & Sloan,* for defendants.

SHARPE, J.   The allegations in the bill of complaint may be summarized as follows:   The plaintiff corporation was organized in September, 1925, and has since been engaged in the business of selling ladies' dresses in the city of Detroit; that in carrying on its business it has featured its trade name "Sweet Sixteen Shops," and to emphasize such name it advertises and sells its dresses at the uniform sale price of $16; that the defendants Nairin occupied a portion of plaintiff's store for the sale of hats, and thus had the opportunity of studying the business "practices, systems and methods of plaintiff;" that, profiting thereby, the defendants—

"conspired and planned to trade upon the good name, connection, credit and good will of plaintiff by opening a business in competition with plaintiff and conducting same under a name and with methods, systems, prac-

tices and advertising so similar to plaintiff's as to confuse and mislead the public;"

that, "pursuant to said conspiracy," the defendants leased a building situate but one block from plaintiff's store, and opened a business in competition with that conducted by plaintiff under the name of "Fifteen Shoppe," and sold dresses therein at the uniform price of $15; that. defendants "copied and imitated" the business methods, etc., of plaintiff,—

"among them the practice inaugurated by plaintiff of exhibiting dresses to intending purchasers in a private room rather than upon the floor of the store; and further copied and imitated the manner in which plaintiff's store was furnished and equipped,"

—and further "copied and imitated the newspaper advertising published by plaintiff." Plaintiff alleges that "said conduct and practices upon the part of defendants constitute unfair competition with plaintiff," and that as a result thereof the public has been deceived and confused and "misled into believing that the two as businesses are conducted by plaintiff." The bill concludes with a prayer for injunctive relief.

The answer, while admitting many of the facts stated by plaintiff, denies that any confusion has resulted from the manner in which they conduct their business or that plaintiff has been injured thereby—

"excepting so far as a comparison of prices by discriminating shoppers may awaken the public to the fact that plaintiff is charging too much money for its goods."

The trial court found that the proof submitted did not establish unfair competition on the part of the defendants, and entered a decree dismissing plaintiff's bill, from which it has taken an appeal to this court.

Plaintiff offered proof that it was conducting its business "with the following distinct features:

"(1)  Single price for all merchandise.
"(2)  A single class of merchandise.
"(3)  All stock in trade concealed from view.
"(4)  No deliveries.
"(5)  No exchanges.
"(6)  No alterations.
"(7)  Cash sales only.
"(8)  Establishment of a number of small booths, in which, and only in which, merchandise was displayed and sold to prospective purchasers."

Its claim is thus summarized by its counsel:

"Our claim for relief, however, is not based upon defendants' utilization of these details, but rather upon defendants' simulation of the collocation of all the details of plaintiff's business, that is, of plaintiff's geographical location, its appearance and arrangement of the store, its business policies and finally, its name."

We are satisfied that defendants' advent into business was induced by the knowledge they had acquired of the manner in which plaintiff conducted its business and the prosperity resulting therefrom. But it cannot be said that the distinctive features of plaintiff's business as conducted by it were such as gave it a proprietary right thereto. Except the last one enumerated, they are employed by many merchants. The establishment of small booths may have been original with it in Detroit, but it certainly might be used by others engaged in a similar business who visited the store and were attracted to this manner of displaying dresses to customers.

Counsel for plaintiff admit in their brief that "These are common property." The test where unfair competition is charged is thus stated:

"The law of unfair competition seeks only to restrain fraudulent practices inducing confusion of goods and deception of the public, and it cannot be used to prevent a defendant from adopting a trade-mark or

label intended to attract attention and popularize its product, although it results, and is intended to result, in better enabling it to compete with complainant, where no deception or confusion of goods is caused or intended thereby." *G. W. Cole Co.* v. *American Cement & Oil Co.,* 130 Fed. 703, syllabus.

"Rival manufacturers may lawfully compete for the patronage of the public in the quality and price of their goods, in the beauty and tastefulness of their enclosing packages, in the extent of their advertising, and in the employment of agents, but they have no right, by imitative devices, to beguile the public into buying their wares under the impression they are buying those of their rivals." *Coats* v. *Merrick Thread Co.,* 149 U. S. 562 (13 Sup. Ct. 966).

"Nothing else than conduct tending to pass off one man's merchandise or business as that of another will constitute 'unfair competition.'" *Autoline Oil Co.* v. *Refining Co.,* 3 Fed. (2d) 457, syllabus.

It is, however, the claim of plaintiff that the similarity in the appearance of defendants' store, when coupled with the name assumed by it, "Fifteen Shoppe," caused the public to be confused, and that many persons visited defendants' store, mistaking it for plaintiff's. There is little actual similarity between the names "Sweet Sixteen Shop" and "Fifteen Shoppe." Photographs in the record disclose that plaintiff's name on the front of its store was placed over the entrance, while defendants' was at the side thereof. There was no similarity in the lettering. This court has on many occasions had occasion to pass upon the similarity of names used by competitors. Many such cases were cited and quoted from in *Grand Rapids Furniture Co.* v. *Furniture Shops,* 221 Mich. 548. In that case it was said:

"The confusion must, of course, be real, not imaginary; substantial, not illusive."

There is some evidence of confusion on the part of customers. But, in our opinion, there has not been

any such interference with plaintiff's business due thereto as would justify the granting of the relief prayed for.

The decree is affirmed, with costs to defendants.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred.