SCHWANNECKE *v.* GENESEE COAL & ICE CO.

1. Trade-Marks and Trade-Names—Unfair Competition.
    Corporation engaged in selling coal and ice has right to use said words in its assumed name, and to compete with others engaged in same business in same city.

2. Evidence—Judicial Notice—Telephones and Telegraphs.
    In suit by coal dealer to enjoin use by rival dealer of assumed name so similar to plaintiff's as to lead to alleged confusion and unfair competition, court may take judicial notice that many orders would be given over telephone, and that similarity of names might lead to confusion and placing orders with defendant which were intended for plaintiff, who had been in business for long time.

3. Trade-Marks and Trade-Names—Unfair Competition—Confusion.
    Where coal dealer for many years had been doing business under assumed name of Genesee Coal Company, it was unfair competition for rival dealer in same city to assume name of Genesee Ice & Fuel Company.

Appeal from Saginaw; Martin (William H.), J. Submitted February 21, 1933. (Docket No. 168, Calendar No. 37,096.)   Decided April 4, 1933.

Bill by Henry W. Schwannecke, doing business as Genesee Coal Company, against Genesee Coal & Ice Company, a Michigan corporation, to enjoin the use of its corporate name or the assumed name "Genesee Ice & Fuel Company," in the city and county of Saginaw.   Decree for plaintiff.   Defendant appeals. Affirmed.

*Cook & Cook,* for plaintiff.

*Wilson & Hoffman,* for defendant.

Sharpe, J. There seems to be no dispute about the facts in this case. The plaintiff for more than 27 years has been engaged in the business of selling coal and other fuel in the city of Saginaw under the assumed name of "Genesee Coal Company." The defendant, Genesee Coal & Ice Company, a corporation, was organized in 1929 under the laws of this State, with its principal place of business at the city of Flint, and was there engaged in the business indicated by its title.

In the spring of 1932 the defendant secured property in the city of Saginaw, and constructed a plant thereon. The plaintiff, when informed that defendant proposed to conduct its business in Saginaw under its corporate name, notified it that he objected to its so doing. Defendant admits that by reason thereof it caused a certificate of its doing business under the assumed name of the "Genesee Ice & Fuel Company" to be filed in the office of the county clerk of the county of Saginaw, and thereafter conducted its business under that name.

On filing his bill, plaintiff moved for a temporary injunction restraining the defendant from the use of its corporate name or its assumed name in the conduct of its business in Saginaw. In its answer defendant denies that plaintiff is entitled to the relief sought. Some admissions were apparently made in open court and consent given that a final decision be rendered. The trial court said:

"The questions in this case are: Is the assumed name of defendant corporation so similar to that of plaintiff as to mislead the public; so similar, in fact, as to lead a person of ordinary intelligence to believe he was dealing with plaintiff; so similar in effect as

to cause confusion, consequential in amount; and does the use of the name Genesee Ice & Fuel Company by the defendant result in unfair competition and loss to the plaintiff by reason thereof?

"The court determines these questions in the affirmative."

The defendant certainly had the right to use the words "ice" and "fuel" in its assumed name. It thereby informed the people of the city of Saginaw and surrounding territory that it was engaged in the sale of these products, and it had the right to compete with the plaintiff in that business.

The question here presented is whether the defendant by using the word "Genesee" in its assumed name thereby became engaged in unfair competition with plaintiff. It is a fact of which we may take judicial notice that many of the orders for coal would be given over the telephone, and, if a person who had been theretofore dealing with the plaintiff and knew that it had long been engaged in business as the "Genesee Coal Company," desired to make such a purchase and consulted the directory for the purpose of doing so and found therein the name "Genesee Ice & Fuel Company," he might well assume that in placing an order therefor he was dealing with the plaintiff.

"It is the words of a name which the eye first catches or rests upon which fix it in our minds." *Grand Rapids Furniture Co.* v. *Grand Rapids Furniture Shops,* 221 Mich. 548, 552.

If, as the defendant conceded, the use of its corporate name, "Genesee Coal & Ice Company," was likely to be misleading and calculated to confuse the public, the change made to "Genesee Ice & Fuel Company" did not remove the similarity complained of.

There have been many cases in this and other courts in which a somewhat similar question was presented. They were reviewed at some length by Mr. Justice Steere in *Clipper Belt Lacer Co.* v. *Detroit Belt Lacer Co.,* 223 Mich. 399. He quoted with approval the following:

"Unfair competition ordinarily consists in the simulation by one person, for the purpose of deceiving the public, of the name, symbols, or devices employed by a business rival, or the substitution of the goods or wares of one person for those of another, thus falsely inducing the purchase of his wares and thereby obtaining for himself the benefits properly belonging to his competitor. The rule is generally recognized that no one shall by imitation or unfair device induce the public to believe that the goods he offers for sale are the goods of another, and thereby appropriate to himself the value of the reputation which the other has acquired for his own product or merchandise." 26 R. C. L. p. 875.

"The fundamental rule has been that no man has a right to palm off his own goods as the goods of a rival trader, and 'he cannot, therefore,' in the language of Lord Langdale in *Perry* v. *Truefitt* (6 Beavan, 66, 73 [49 Eng. Repr. 749]), 'be allowed to use names, marks, letters, or other *indicia,* by which he may induce purchasers to believe that the goods which he is selling are the manufacture of another person.' Referring to the above, Lord Herschell, in *Reddaway* v. *Banham* (21 App. Cas. 199, 209), said: 'It is, in my opinion, this fundamental rule which governs all cases.'

" 'Irrespective of the technical question of trademark, the defendants have no right to dress their goods up in such manner as to deceive an intending purchaser, and induce him to believe he is buying those of the plaintiffs. Rival manufacturers may lawfully compete for the patronage of the public in

the quality and price of their goods, in the beauty and tastefulness of their inclosed packages, in the extent of their advertising, and in the employment of agents, but they have no right, by imitative devices, to beguile the public into buying their wares under the impression they are buying those of their rivals.' '' Nims on Unfair Competition (2d Ed.), p. 12; (3d Ed.), p. 16.

In *McLean* v. *Fleming*, 96 U. S. 245, where the question of a trade-mark was involved, the court said (p. 255):

"Where the similarity is sufficient to convey a false impression to the public mind, and is of a character to mislead and deceive the ordinary purchaser in the exercise of ordinary care and caution in such matters, it is sufficient to give the injured party a right to redress, if he has been guilty of no laches."

In *Coats* v. *Merrick Thread Co.*, 149 U. S. 562, 566 (13 Sup. Ct. 966), it was said:

"Rival manufacturers may lawfully compete for the patronage of the public in the quality and price of their goods, in the beauty and tastefulness of their enclosing packages, in the extent of their advertising, and in the employment of agents, but they have no right, by imitative devices, to beguile the public into buying their wares under the impression they are buying those of their rivals."

See, also, *Grand Rapids Furniture Co.* v. *Grand Rapids Furniture Shops, supra,* and *Sweet Sixteen Shops* v. *Goodman,* 243 Mich. 72.

In discussing a similar question in *Good Housekeeping Shop* v. *Smitter,* 254 Mich. 592, 596, it was said:

"Each case is determined upon its own facts and relief is based upon the principles of common business integrity."

We therefore refrain from citing or considering the many cases decided by this court in which a somewhat similar question was involved. We have here a plaintiff who has been engaged in the coal business on Genesee street in the city of Saginaw for 27 years. The defendant desires to compete with him therein, as it has a right to do. It conceded that the use of its corporate name would doubtless lead to confusion and result in unfair competition. It therefore assumed the name "Genesee Ice & Fuel Company." It needed not the word "Genesee" in its name to inform the people of the city of Saginaw and surrounding territory that it was engaged in the ice and fuel business. It seems apparent that its purpose and design in the use of this name was to secure to itself a part of the business theretofore enjoyed by the plaintiff, and, in the language above quoted, "they have no right, by imitative devices, to beguile the public into buying their wares under the impression they are buying those of their rivals."

The decree is affirmed, with costs to appellee.

McDONALD, C. J., and CLARK, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.