936 F.2d 572
 1991 Copr.L.Dec. P 26,750
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry P. CAWLEY, Plaintiff-Appellant,
v.
Howard SWEARER, et al., Defendants-Appellees.
 No. 90-1981.
 United States Court of Appeals, Sixth Circuit.
 June 20, 1991.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from a dismissal of a pro se plaintiff's 24-count complaint involving the Lanham Act, 15 U.S.C. Sec. 1125(a), the Copyright Act, 17 U.S.C. Secs. 101 et seq., the Federal Tort Claims Act, 28 U.S.C. Sec. 2674, and various alleged state-law torts. Although we agree that dismissal was appropriate, we shall direct that changes be made with respect to the grounds for dismissal of certain counts.
 
 
 2
 * The case arose out of Plaintiff Jerry P. Cawley's work as a graduate research assistant at the University of Michigan between 1978 and 1981. Under the supervision of Dr. Thomas Anton, Mr. Cawley conducted research on the spending patterns of various units of government. Portions of this research found their way into essays published under Dr. Anton's name. One such essay was included in a book entitled Cities Under Stress: The Fiscal Crisis of Urban America. Mr. Cawley was named as a co-author of the Cities Under Stress essay. A second essay appeared as a chapter in a book entitled Public Sector Performance: A Conceptual Turning Point. Mr. Cawley was not named as an author of the Public Sector Performance essay.
 
 
 3
 After the publication of Cities Under Stress, Mr. Cawley concluded that there were inaccuracies in contributions that another research assistant had made to the essay. Mr. Cawley brought his concerns to Dr. Anton, the University of Michigan, and the National Science Foundation. The Foundation, which had provided funds for Dr. Anton's work, investigated and determined that all errors had been corrected.
 
 
 4
 On January 5, 1987, Mr. Cawley filed suit against Dr. Anton and others in federal district court. The first nine counts of the complaint alleged violations of federal and state law by reason of the failure to name Cawley as an author of the Public Sector Performance essay. The second nine counts alleged violations of federal and state law by reason of the naming of Cawley as a co-author of the Cities Under Stress essay. Counts XIX and XX challenged the constitutionality of the Copyright Act and the University of Michigan's copyright policies. The final four counts accused the National Science Foundation of an unconstitutional taking and various common law torts, including the tort of "psychic eavesdropping."
 
 
 5
 The defendants filed motions seeking dismissal and/or summary judgment on all counts. Before these motions were decided, the Circuit Court of Washtenaw County, Michigan, dismissed an action that Mr. Cawley had filed in that court complaining of the same defendants' failure to name him as an author of the Public Sector Performance essay. The circuit court dismissed some of Mr. Cawley's claims for failure to state a cause of action and dismissed others for lack of jurisdiction, the latter claims having been preempted, in the court's view, by federal copyright law. The Michigan Court of Appeals affirmed the circuit court's decision, and the Michigan Supreme Court declined to grant Mr. Cawley leave to appeal.
 
 
 6
 After the state court litigation had been finally decided, a United States Magistrate issued a report recommending the dismissal, either on grounds of res judicata, lack of jurisdiction, or failure to state a claim, of each count of the instant complaint. The district court adopted the magistrate's report, and this appeal followed.
 
 II
 
 7
 Because the state court found in favor of the defendants on causes of action identical to those asserted in Counts I, IV, V, and VI of the federal complaint, the district court properly dismissed these counts on res judicata grounds. The district court pushed the res judicata doctrine too far, however, using it to dismiss Counts II, III, and XI-XV as well. The state court dismissed the equivalents of Count II (unfair competition) and Count III (misappropriation) without prejudice, finding that they were actually copyright claims and thus within the exclusive jurisdiction of the federal courts.[1] Under 28 U.S.C. Sec. 1738, federal courts are required to give a state court judgment the same preclusive effect it would be given by the state in which the judgment was rendered. Barnes v. McDowell, 848 F.2d 725, 730 (6th Cir.1988), cert. denied, 488 U.S. 1007 (1989). In Michigan, a dismissal without prejudice does not preclude subsequent litigation arising out of the same facts. See King v. Michigan Consolidated Gas Co., 177 Mich.App. 531, 442 N.W.2d 714, 716 (Mich.Ct.App.1989), lv. granted, appeal dismissed, 434 Mich. 910, 463 N.W.2d 109 (1990). Accordingly, Counts II and III should not have been dismissed on res judicata grounds.
 
 
 8
 We believe that Counts II and III should have been dismissed because of Mr. Cawley's failure to register his work with the Copyright Office pursuant to 17 U.S.C. Sec. 411(a).[2] The essay in question comes within the subject matter of copyright as defined in Sec. 102, and Counts II and III alleged that the defendants' unfair competition and misappropriation deprived him of one of his Sec. 106 rights, the right to reproduce the essay. See Ehat v. Tanner, 780 F.2d 876, 877-879 (10th Cir.1985), cert. denied, 479 U.S. 820 (1986) (unfair competition and misappropriation claims arising out of the unauthorized reproduction of a scholarly work are preempted by the Copyright Act). Given Mr. Cawley's failure to comply with the requirements of Sec. 411(a), the district court was without jurisdiction to hear Counts II and III and should have dismissed them without prejudice on that ground.
 
 
 9
 The state court judgment would not preclude Mr. Cawley from asserting Counts XI-XV in a Michigan court. These counts related to the crediting of Cawley as an author of the Cities Under Stress essay. The state court dealt only with claims arising out of the failure to acknowledge Cawley as an author of the Public Sector Performance essay, so Counts XI-XV of the federal complaint were not barred by res judicata.
 
 
 10
 But none of these five counts stated a claim on which relief could be granted. In Count XI, Mr. Cawley alleged that his being named as an author of the essay that appeared in Cities Under Stress constituted unfair competition because it suggested that he was responsible for errors that were not in fact his. Under Michigan law, however,
 
 
 11
 " '[u]nfair competition ordinarily consists in the simulation by one person, for the purpose of deceiving the public, of the name, symbols, or devices employed by a business rival, or the substitution of the goods or wares of one person for those of another, thus falsely inducing the purchase of his wares and thereby obtaining for himself the benefits properly belonging to his competitor.' " Moon Bros., Inc. v. Moon, 300 Mich. 150, 1 N.W.2d 488, 493 (Mich.1942) (quoting Schwannecke v. Genesee Coal & Ice Co., 262 Mich. 624, 247 N.W. 761, 762 (Mich.1933)).
 
 
 12
 Count XI did not fit within this unfair competition rubric.
 
 
 13
 Count XII likewise failed to state a claim. In this count, Mr. Cawley alleged that his being named as an author of the Cities Under Stress essay subjected him to the tort of "reverse idea misappropriation." No such cause of action exists in Michigan.
 
 
 14
 Count XIII alleged the tort of "injurious falsehood." Although Michigan does not recognize a right of action for "injurious falsehood," Count XIII could perhaps be construed as alleging that the defendants libeled Mr. Cawley when they named him as an author of the Cities Under Stress essay. Even as so construed, however, Count XIII failed to state a claim. One of the elements of libel is that the allegedly false and defamatory statement be "of and concerning" the plaintiff. Fisher v. Detroit Free Press, 158 Mich.App. 409, 404 N.W.2d 765, 767 (Mich.Ct.App.), lv. den., 428 Mich. 914 (1987). By Cawley's own admission, the only allegedly false statements appearing in the Cities Under Stress essay concerned the spending patterns of various units of government. The alleged inaccuracies were not "of and concerning" Mr. Cawley.
 
 
 15
 Count XIV alleged that publication of the Cities Under Stress essay intruded upon Cawley's "seclusion of persona." To state a claim for invasion of privacy, if that is what Mr. Cawley was attempting here, the complaint would have had to allege that the defendants publicly exposed embarrassing private facts concerning the plaintiff. Beaumont v. Brown, 401 Mich. 80, 257 N.W.2d 522, 531 (Mich.1977). Because no such allegation was made in Count XIV, the count failed to state a claim on which relief could be granted.
 
 
 16
 Count XV, which alleged that publication of the Cities Under Stress essay deprived Mr. Cawley of his right to publicity, also failed to state a claim. To prove that the defendants deprived him of his right to publicity, Mr. Cawley would have had to show that he had a pecuniary interest in the commercial exploitation of his identity. Carson v. Here's Johnny Portable Toilets, Inc., 698 F.2d 831, 834-835 (6th Cir.1983) (applying Michigan law). Because Count XV did not allege that the defendants had commercially exploited Cawley's identity, this count too should be dismissed with prejudice for failure to state a claim.
 
 
 17
 The district court dismissed the claims against the National Science Foundation (Counts XXI-XXIV) for lack of jurisdiction. With regard to Counts XXI, XXIII, and XXIV we conclude, for the reasons stated in the magistrate's report, that the district court was correct. We have some doubt as to the grounds for dismissal of Count XXII, however. Adopting the magistrate's conclusion that "the essence" of Count XXII (in which Cawley alleged that the National Science Foundation took his essay without just compensation) was "copyright infringement", the district court dismissed the claim without prejudice because Mr. Cawley had failed to register the work with the Copyright Office prior to bringing suit as required by 17 U.S.C. Sec. 411(a). But the Copyright Act does not preempt the Fifth Amendment's Takings Clause. Cf. Roth v. Pritikin, 710 F.2d 934, 939 (2d Cir.), cert. denied, 464 U.S. 961 (1983) (an interest in a copyright is a property interest protected by the Fifth Amendment); Lane v. First National Bank of Boston, 871 F.2d 166, 174 (1st Cir.1988) (suggesting that a state which infringes a copyright could be liable under the Takings Clause). Be that as it may, we think it perfectly clear that the defendant was entitled to summary judgment on Count XXII--for the uncontradicted evidence showed that the National Science Foundation had nothing to do with the publication of Public Sector Performance. Dr. Trudi Miller, a National Science Foundation employee, edited the book, but affidavits filed in the district court established that she did so in her individual capacity. Mr. Cawley failed to demonstrate that the National Science Foundation took his property without just compensation, and Count XXII should be dismissed with prejudice on that ground.
 
 
 18
 Counts II, III, XI-XV, and XXII are REMANDED to the district court for entry of judgment consistent with this opinion. As for the other sixteen counts, we AFFIRM the judgment for the reasons stated in the magistrate's report and recommendation of March 30, 1990.
 
 
 
 [1]
 The pertinent portion of 17 U.S.C. Sec. 301(a) reads as follows:
 "On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 ... are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.
 
 
 [2]
 Compliance with Sec. 411(a) is a prerequisite to bringing suit, and failure to comply deprives the district court of jurisdiction. Conan Properties, Inc. v. Mattel, Inc., 601 F.Supp. 1179, 1182 (S.D.N.Y.1984)