51 F.3d 271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael A. BUEMI, Plaintiff-Appellant,
v.
Fannie M. LEWIS; Maelene J. Myers; Arthur Fayne;
President Hough Community Council; R. Joseph Myers,
Consultant for Hough Area Partners in Progress and the Hough
Community Council, Defendants-Appellees.
 No. 94-4156.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1995.
 
 1
 Before: JONES, NELSON and RONEY,[1] Circuit Judges.
 
 ORDER
 
 2
 Michael A. Buemi, a pro se Ohio resident, appeals a district court order dismissing his copyright, unfair competition, and Freedom of Information Act (FOIA) case for failure to state a claim under Fed.R.Civ.P. Sec. 12(b)(6). Mr. Buemi also filed supplemental state law contract claims pursuant to 28 U.S.C. Sec. 1367. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed.
 
 
 3
 Seeking monetary and injunctive relief, Mr. Buemi sued a Cleveland city councilwoman and several private individuals. The suit stems from the alleged misappropriation of a plan for a community police force, titled the "Special Drug Investigation Unit," written by Mr. Buemi. He gave copies of his plan to various people, whom he now accuses of claiming the plan as their own and distributing copies to the media. The district court dismissed the federal issues for failure to state a claim under Fed.R.Civ.P. Sec. 12(b)(6), and refused to exercise its supplemental jurisdiction over the state claims. After Mr. Buemi filed a timely appeal, defendants moved this court to dismiss the case for failure to state a claim under Fed.R.Civ.P. Sec. 12(b)(6).
 
 
 4
 As a preliminary matter, we note that a motion to dismiss does not fall within the jurisdiction of this court. Because the motion addresses the merits of the appeal, the motion is actually a motion to affirm. Sixth Circuit Rules do not allow motions to affirm. See Rule 8(a)(3), Rules of the Sixth Circuit. Therefore, we deny the motion to dismiss.
 
 
 5
 On the merits of Mr. Buemi's appeal, a district court may not dismiss a complaint for failure to state a claim "unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). An order dismissing a complaint under Fed.R.Civ.P. Sec. 12(b)(6) is subject to de novo review in this court. Hiser v. City of Bowling Green, 42 F.3d 382, 838 (6th Cir.1994). Upon review, we conclude that dismissal of Mr. Buemi's case was proper, but that the copyright and unfair competition claims should have been dismissed without prejudice.
 
 
 6
 To establish a claim for copyright infringement, a plaintiff must show (a) ownership of a valid copyright and (b) copying by the defendant. Rogers v. Koons, 960 F.2d 301, 306 (2d Cir.1992). The district court dismissed Mr. Buemi's copyright claim with prejudice on the ground that he never registered his work and therefore did not own a valid copyright. Under the Copyright Act of 1978, however, copyright protection exists in all published and unpublished works that meet the subject matter criteria of 17 U.S.C. Sec. 102. 17 U.S.C. Sec. 104(a). Registration with the copyright office is permissive, not mandatory. 17 U.S.C. Sec. 408(a). Because Mr. Buemi's plan is an original work of authorship fixed in a tangible medium of expression, he had a copyright on it.
 
 
 7
 It is true that Mr. Buemi's complaint suggests that he is more concerned about defendants having copied his ideas than his words. It is fundamental that ideas cannot be copyrighted. Federal copyright law protects only the tangible form of expression, and does not extend to the idea itself. Feist Publications v. Rural Telephone Service Co., 499 U.S. 340 (1991); National Rifle Ass'n v. Handgun Control Fed'n, 844 F.Supp. 1178, 1180 (N.D.Ohio 1992); 17 U.S.C. Sec. 102(b). Nevertheless, Mr. Buemi clearly maintains that defendants made unauthorized copies of his work and distributed them without his permission. He thus alleges a violation of his exclusive rights under 17 U.S.C. Sec. 102(a). Mr. Buemi has stated all the elements of a claim for copyright infringement under 17 U.S.C. Sec. 501.
 
 
 8
 Although the complaint states a claim upon which relief could be granted if the district court had jurisdiction, Mr. Buemi's failure to register means that the district court lacked jurisdiction. Registration is a jurisdictional prerequisite to an infringement suit. 17 U.S.C. Sec. 411(a); M.G.B. Homes, Inc. v. Ameron Homes, Inc., 903 F.2d 1486, 1488 (11th Cir.1990); H.R.Rep. No. 1476, 94th Cong. (1978) ("a copyright owner who has not registered his claim can have a valid cause of action against someone who has infringed his copyright, but he cannot enforce his rights in the courts until he has made registration"). Mr. Buemi concedes that he has not registered his work. Consequently, his copyright claim must be dismissed for lack of jurisdiction.
 
 
 9
 The dismissal should be without prejudice. A copyright owner may register his claim at any time during the life of the copyright. 17 U.S.C. Sec. 408(a). Works published without notice of copyright before March 1, 1989 must be registered within five years of publication. 17 U.S.C. Sec. 405(a). At this stage of the litigation, it is unclear whether, as a matter of law, Mr. Buemi's work is published or unpublished. If published, the publication apparently occurred after March 1, 1989, the effective date of the Berne Convention Implementation Act of 1988. "[A]s to works published after March 1, 1989, the BCIA excuses all copyright notice requirements as a condition to copyright." 1 Nimmer on Copyrights Sec. 702[c]. Consequently, even if Mr. Buemi failed to affix a copyright notice to his work, there appears to be no statutory bar to registration.
 
 
 10
 Mr. Buemi argues on appeal that he also had a common law copyright on his work. The Copyright Act of 1978, however, preempted the doctrine of common law copyrights. 17 U.S.C. Sec. 301; Cawley v. Swearer, No. 90-1981, 1991 WL 108725, * 4 n. 1 (6th Cir. June 20, 1991); Roth v. Pritikin, 710 F.2d 934, 938-39 (2d Cir.), cert. denied, 464 U.S. 961 (1983). Because Mr. Buemi's work falls within the general scope of the federal Copyright Act, he cannot maintain a claim for common law copyright.
 
 
 11
 Mr. Buemi contends further that defendants violated the Freedom of Information Act by not responding to a request for information. The Act applies only to federal agencies, however, and not to cities and private individuals. 5 U.S.C. Sec. 552(1); Butler v. Tennessee Bureau of Investigation, No. 94-508, 1994 WL 194242. * 1 (6th Cir. May 16, 1994). Accordingly, we conclude that the dismissal of Mr. Buemi's FOIA claim with prejudice was proper.
 
 
 12
 Mr. Buemi also asserted an unfair competition claim. The district court understood that he was attempting to assert a federal claim under 15 U.S.C. Sec. 45, which provides no private right of action. FTC v. Owens-Corning Fiberglas Corp., 853 F.2d 458, 464 (6th Cir.1988), cert. denied, 489 U.S. 1015 (1989). We disagree with this construction of the complaint. Unfair competition is traditionally a creature of state law, and Mr. Buemi nowhere indicates that he is attempting to assert a claim under the federal statute. The unfair competition claim should have been dismissed without prejudice along with the other state law claims.
 
 
 13
 Mr. Buemi argues that his state law claims should not have been dismissed at all. Subject matter jurisdiction over these claims was based on the existence of a related federal claim, however, see Williams v. City of River Rouge, 909 F.2d 151, 157 (6th Cir.1990), and because Mr. Buemi failed to state a federal claim over which the district court had jurisdiction, the dismissal of the supplemental state claims was proper.
 
 
 14
 Accordingly, and because we conclude that Mr. Buemi's remaining contentions are without merit, we affirm the district court's order in part, reverse it in part, and remand the case with instructions to dismiss the federal copyright and unfair competition claims without prejudice. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 [1]
 The Honorable Paul H. Roney, United States Circuit Judge for the Eleventh Circuit, sitting by designation