RICHARDSON v JACKSON COUNTY

Docket Nos. 85278, 85335. Submitted June 4, 1986, at Lansing. Decided May 4, 1987. Leave to appeal applied for.

Louis Allen, Jr., drowned while at a park owned by Jackson County and maintained and operated primarily by Summit Township. The park had a swimming area designated by buoys, but the buoys were placed by the county or the township without a permit first being obtained, as required by the Marine Safety Act. The buoys were located near where there was a sharp drop-off of the lake bottom. Lawrence A. Richardson, Jr., personal representative of the estate of Louis Allen, Jr., deceased, filed suit against Jackson County, the Board of Park Trustees of Jackson County, and Summit Township in Wayne Circuit Court, alleging that operation of the public swimming area was not a governmental function and set forth claims in ordinary negligence and nuisance. Venue was changed to Jackson Circuit Court, which granted defendants' motions for summary judgment on the ground that the recreational use statute precluded any claims except those founded upon gross negligence or wilful and wanton misconduct. Plaintiff was permitted to amend his complaint to conform with the court's ruling. Defendants then moved for accelerated judgment on the basis of governmental immunity. The court, Charles J. Falahee, J., denied the motion on the ground that defendants' failure to comply with the requirements of law regarding the placement of buoys made their action in placing the buoys ultra vires and therefore those actions were not entitled to governmental immunity. The Jackson County defendants and

References

Am Jur 2d, Municipal, School, and State Tort Liability §§ 156-160.

Am Jur 2d, States, Territories, and Dependencies §§ 99 *et seq.*

Comment Note.—Municipal immunity from liability for torts. 60 ALR2d 1198.

Municipal operation of bathing beach or swimming pool as governmental or proprietary function, for purposes of tort liability. 55 ALR2d 1434.

See also the annotations in the Index to Annotations under Swimming and Swimming Pools.

Summit Township filed separate appeals by leave granted. The appeals have been consolidated.

The Court of Appeals *held:*

An ultra vires activity is one which is not expressly or impliedly mandated or authorized by law, and a governmental agency's ultra vires activities are not entitled to governmental immunity. The operation of the swimming area without first complying with the Marine Safety Act in placing the buoys was an illegal act and therefore ultra vires. Defendants therefore are not entitled to governmental immunity for the operation of the swimming area.

Affirmed.

1. GOVERNMENTAL IMMUNITY — GOVERNMENTAL FUNCTIONS.

All governmental agencies are immune from tort liability whenever they are engaged in the exercise of a governmental function, i.e., an activity which is expressly or impliedly mandated or authorized by constitution, statute, or other law (MCL 691.1407; MSA 3.996[107]).

2. GOVERNMENTAL IMMUNITY — ULTRA VIRES ACTIVITY.

An ultra vires activity of a governmental agency is one which is not expressly or impliedly mandated or authorized by law; an agency's ultra vires activities are not entitled to governmental immunity from tort liability.

3. WATERS AND WATERCOURSES — PUBLIC SWIMMING AREAS — MARINE SAFETY ACT.

The Marine Safety Act specifically prohibits the operation of a public swimming area without the operator's first having complied with the buoy application, inspection, permit and placement system set forth in the act (MCL 281.1192[1]; MSA 18.1287[192][1]).

4. GOVERNMENTAL IMMUNITY — PUBLIC SWIMMING AREAS — MARINE SAFETY ACT — BUOYS.

Governmental immunity to tort liability for the negligent operation of a public swimming area is not available to governmental entities which operate such swimming areas without first complying with the Marine Safety Act's requirement as to the placing of buoys (MCL 281.1192[1]; MSA 18.1287[192][1]).

*Barr & Arsenault* (by *Mary Ann Arsenault* and *Charles J. Barr*), for plaintiff.

*Stanton, Bullen, Nelson, Moilanen & Klaasen,*

*P.C.* (by *Charles A. Nelson*), for Jackson County and Board of Park Trustees.

*Foster, Swift, Collins & Coey, P.C.* (by *James D. Adkins*), for Summit Township.

Before: M. J. KELLY, P.J., and D. E. HOLBROOK, JR., and T. M. GREEN,* JJ

PER CURIAM. Defendants Jackson County, Board of Park Trustees of Jackson County, and Summit Township appeal by leave granted from an order of the Jackson Circuit Court, which denied their motions for accelerated judgment. Defendants assert that they were entitled to accelerated judgment because they are immune from plaintiff Richardson's tort claim under the doctrine of governmental immunity. The court concluded, as is argued by plaintiff, that defendants' governmental immunity was abrogated by the defendants' ultra vires act of operating a park swimming area contrary to law.

Plaintiff's decedent, Louis Allen, drowned on July 24, 1979, while at a park owned by Jackson County and primarily maintained and operated by Summit Township. The park is located on Vandercook Lake, and has a designated swimming area. The swimming area is marked by buoys placed by the defendants. The defendants did not obtain a permit for the buoys prior to their placement, as required by statute.

The parties dispute whether the decedent, a nonswimmer, was inside or outside of the marked swimming area when he was last seen alive. There is testimony to support both parties. Apparently, the buoys are located very near a sharp drop-off of the lake bottom. The testimony conflicts as to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

whether the buoys are located before or after the drop-off. The decedent's body was recovered in approximately fifteen feet of water, about twenty yards beyond the buoys.

Plaintiff, as personal representative of the decedent's estate, commenced the present action on July 8, 1981. The complaint was originally filed in Wayne Circuit Court and alleged that the defendants' operation of the public swimming area was not a "governmental function" as it was then defined in case law and set forth claims in ordinary negligence and nuisance.

By stipulation of the parties, venue was changed to Jackson Circuit Court. Jackson County and the Board of Park Trustees of Jackson County answered and asserted the affirmative defense of governmental immunity. Summit Township also raised the defense separately.

All of the defendants subsequently filed motions for summary judgment pursuant to GCR 1963, 117.2(1), now MCR 2.116(C)(8). They argued that the recreational use statute, MCL 300.201; MSA 13.1485, precluded any claims arising from the operation of the swimming area except for claims founded upon gross negligence or wanton and wilful misconduct. The court granted the motions, as well as plaintiff's motion to file an amended complaint to set forth the permissible claims. Plaintiff subsequently filed his amended complaint, to conform with the court's ruling. By stipulation, all other claims were dismissed with prejudice.

In addition, on July 16, 1982, plaintiff applied for leave to this Court to appeal the circuit court's ruling. By order dated November 16, 1982, this Court held the application in abeyance pending our Supreme Court's resolution of the issue in *Burnett v City of Adrian,* 414 Mich 448; 326 NW2d 810 (1982). Following the issuance of the decision

in *Burnett,* which supported the circuit court's ruling, this Court denied leave to appeal by order dated February 4, 1983.

Jackson County subsequently moved for accelerated judgment on the basis that its ownership and operation of the park was cloaked with governmental immunity, as the term had been recently redefined in *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1984), reh den 421 Mich 1202 (1985). Summit Township joined in that motion. Plaintiff answered and argued that by defendants' failure to comply with the requirements of law regarding the placement of buoys, defendants had acted outside their powers and could not claim immunity. The court subsequently ruled that plaintiff was correct.

The sole issue on appeal is whether defendants' failure to obtain and place swimming buoys as required by statute renders their operation of the Vandercook Lake park swimming area ultra vires and thus abrogates governmental immunity. Governmental immunity is broadly granted in MCL 691.1407; MSA 3.996(107), which at the time of the decedent's drowning provided:

> Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function. Except as otherwise provided herein, this act shall not be construed as modifying or restricting the immunity of the state from tort liability as it existed heretofore, which immunity is affirmed.

The case of *Ross v Consumers Power Co (On Rehearing), supra,* pp 608-609, consolidated the views of the Michigan Supreme Court justices and announced a controlling interpretation of "govern-

mental function." Under *Ross,* all governmental agencies are immune from tort liability whenever they are engaged in the exercise of a governmental function. "Governmental function" is broadly defined as "an activity which is expressly or impliedly mandated or authorized by constitution, statute, or other law." *Id.,* p 620. Conversely, an agency's ultra vires activities are not entitled to immunity. *Id.,* p 591. An ultra vires activity is one which is not expressly or impliedly mandated or authorized by law. *Id.,* p 620.

The conflicting positions of the parties in the instant case rest upon differing perspectives of this definition of "ultra vires" in conjunction with the Marine Safety Act, MCL 281.1001 *et seq.;* MSA 18.1287(1) *et seq.* Defendants maintain that their violation of the act was an omission of an act, rather than a commission, and that mere failure to comply with the law is not an affirmatively ultra vires act which divests them of immunity. Plaintiff argues that such a distinction is unmerited and that it is factually unfounded at any rate because defendants improperly view their act as a function of running a park rather than as the unauthorized operation of a swimming area.

There is no dispute that Jackson County and Summit Township are broadly authorized to operate public recreational areas. MCL 123.51; MSA 5.2421 provides as follows:

> Any city, village, county or township may operate a system of public recreation and playgrounds; acquire, equip and maintain land, buildings or other recreational facilities; employ a superintendent of recreation and assistants; vote and expend funds for the operation of such system.

Similarly, the Jackson County Board of Park Trustees is empowered to acquire park lands, MCL

123.66; MSA 5.2436, and the county is authorized to acquire, maintain and operate public parks, playgrounds and recreational centers through a parks and recreation commission. MCL 46.351 *et seq.;* MSA 5.570(101) *et seq.* Thus, the establishment and maintenance of a park is a "governmental function" entitled to immunity. See *Royston v City of Charlotte,* 278 Mich 255, 257; 270 NW 288 (1936), and *Meredith v City of Melvindale,* 11 Mich App 208, 212; 160 NW2d 793 (1968), rev'd on other grounds 381 Mich 572 (1969).

Without considering the Marine Safety Act, *supra,* the logic of defendants' argument is simple and well-founded. In determining whether an act is ultra vires, this Court has previously distinguished between omissions and commissions in the context of intentional torts. The intentional torts of governmental employees are not within the exercise or discharge of a governmental function, and are therefore not entitled to immunity. *Mosqueda v Macomb Co Youth Home,* 132 Mich App 462, 467; 349 NW2d 185 (1984). However, the omission of an act is not sufficient to render even intentional omission of a duty (i.e., negligence) into an ultra vires intentional tort. *Williams v Michigan,* 144 Mich App 438, 441; 376 NW2d 117 (1985), lv den 424 Mich 853 (1985). The commission of an act, rather than an omission, is required. *Lowery v Dep't of Corrections,* 146 Mich App 342, 357; 380 NW2d 99 (1985), lv den 425 Mich 870 (1986).

Nevertheless, in the instant case a statutory scheme erodes defendants' broad authority to operate parks. The Marine Safety Act, *supra,* provides as follows:

The owner or person in charge of a bathing beach maintained primarily for public usage shall not knowingly permit a person to bathe or swim

> from the bathing beach unless buoys are established in accordance with section 141, outlining a safe bathing or swimming area. [MCL 281.1192(1); MSA 18.1287(192)(1).]

Section 141 of the act in turn requires that the operators of bathing beaches apply for and obtain permits prior to placing swimming buoys. A detailed system for inspection and approval of buoy placement is set forth in the act. MCL 281.1141; MSA 18.1287(141). This act applies to governmental entities. MCL 281.1006(e); MSA 18.1287(6)(e). Thus, the Marine Safety Act specifically prohibits defendants from operating a swimming area absent compliance with the buoy application, inspection, permit and placement system set forth in the act.

If defendants' operation of the park is viewed broadly, noncompliance with the Marine Safety Act is merely a negligent omission for which defendants are immune from tort liability. However, if defendants' activity is more narrowly viewed as the operation of a public beach, defendants have acted outside of their authority. We find the latter to be the proper view and determine that defendants' failure to obtain a buoy permit renders their operation of the beach ultra vires.

First of all, the operation of a beach, as opposed to the operation of a park in general, is the proper focus for our analysis. In *Ross v Consumers Power Co (On Rehearing), supra,* our Michigan Supreme Court's application of its definition of "governmental function" to the facts presented demonstrate that review of the separate functions at issue is appropriate. In *Ross,* the Court reviewed seriatim the facts and law of eight cases consolidated on appeal. As to each case, the Court focused upon the precise activity at issue to determine whether

the activity was a governmental function. We adopt a similar approach here.

Secondly, two rules of statutory construction mandate that the Marine Safety Act controls the instant case. Defendants' statutory authority to operate recreational parks is broad and general, while the Marine Safety Act specifically addresses public recreational swimming areas. The Marine Safety Act, being more specific, has precedence over the general language of the statutes regarding parks of all kinds. See *Bill v Northwestern Nat'l Life Ins Co,* 143 Mich App 766, 771; 373 NW2d 214 (1985). Further, the Marine Safety Act, 1967 PA 303, was enacted after the other provisions regarding recreational areas, 1913 PA 90, 1917 PA 156, 1953 PA 165 and 1965 PA 261. As the more recently enacted law, the Marine Safety Act controls. *Capps v Michigan Dep't of Social Services,* 115 Mich App 10; 320 NW2d 272 (1982), lv den 417 Mich 923 (1983). These individual rules of construction are particularly persuasive where, as here, both are applicable. *First Bank of Cadillac v Miller,* 131 Mich App 764, 769; 347 NW2d 715 (1984).

We conclude that the legislative mandate that no person shall permit bathing at a public swimming area absent compliance with the Marine Safety Act demonstrates that defendants here were functioning outside of their authority. Their failure to obtain a permit cannot be viewed as an incidental, negligent omission. Rather, the failure to obtain the permit was a failure to satisfy a condition precedent to the statutory authority to operate a swimming area. Consequently, the operation of the swimming area was an illegal act, the commission of a wrong rather than a negligent omission. Under the circumstances, the trial court

thus properly concluded that defendants' operation of the swimming area was ultra vires. We therefore affirm the trial court's ruling. Our decision applies only to the swimming area and not to the remainder of the park, to which the Marine Safety Act does not apply. There is no abrogation of immunity regarding the rest of the park.

Affirmed.