ROBERTS v CITY OF TROY

Docket No. 95988. Submitted May 19, 1988, at Detroit. Decided
    August 15, 1988. Leave to appeal applied for.

David Roberts hanged himself on September 18, 1977, in a jail
    cell maintained by the City of Troy. On June 25, 1979, the
    personal representative of the estate of David Roberts brought
    an action against the city, its police chief and five John Does
    alleging a federal civil rights claim and state claims of negli-
    gence, gross negligence and maintaining a defective public
    building. On July 2, 1980, the complaint was amended to
    include individual Troy police officers. On May 21, 1982, the
    court granted summary judgment to the individual defendants
    on plaintiff's federal civil rights claim, granted summary judg-
    ment to the police chief on plaintiff's state law claim on the
    basis of governmental immunity, granted summary judgment
    to the city on plaintiff's claim that it was vicariously liable for
    the ultra vires conduct of the police chief, dismissed the other
    pendent state law claims, and denied summary judgment to the
    city and the police chief on plaintiff's federal civil rights claims.
    The case proceeded to a jury trial on plaintiff's federal civil
    rights claims, and the jury returned a verdict of no cause of
    action in favor of defendants and judgment was entered on the
    verdict. On appeal the circuit court affirmed the judgment of
    the district court on plaintiff's federal civil rights claims and
    the district court's order granting summary judgment to the
    city on plaintiff's state claim of vicarious liability, for the ultra
    vires conduct of the police chief. However, the circuit court
    remanded the case to the district court to amend its May 21,
    1982, order dismissing the state claim to recite that the dis-
    missals were without prejudice. The district court complied
    with the directive on October 31, 1985. The order further stated
    that the remaining state law claims against the city were also

REFERENCES

Am Jur 2d, Judgments §§ 370, 394 et seq.
Am Jur 2d, Municipal, Schools, and State Tort Liability §§ 53 et
    seq., 69-72, 77.
See the Index to Annotations under Collateral Estoppel; Govern-
    mental Immunity or Privilege; Res Judicata; and Summmary
    Judgment.

dismissed without prejudice. On November 8, 1985, Wesley Roberts, a successor personal representative of the estate, brought an action in the Oakland Circuit Court alleging violation of ministerial duties and ultra vires conduct on the part of the city, its police chief, and the individual police officers. Defendant city moved for summary disposition on the basis of res judicata. Additionally, the individual police officers except one moved for summary disposition on the basis of the statute of limitations. Both motions, as well as motions for reconsideration, were denied, Alice L. Gilbert, J. Defendant city then moved for summary disposition on the basis of governmental immunity and the individual defendants except the police chief and one officer moved for summary disposition based upon the absence of a genuine issue of material fact. Those motions were also denied. The moving defendants appealed.

The Court of Appeals *held:*

1. The court erred in refusing to grant the city summary disposition based on governmental immunity. Plaintiff's claim that governmental immunity did not apply because of ultra vires conduct of the city is without merit inasmuch as the ultra vires conduct alleged was a failure to check the jail cells once every sixty minutes. That conduct was merely negligent, not ultra vires.

2. Plaintiff's claims were not barred by res judicata or collateral estoppel.

3. The court did not err in refusing to grant summary disposition on the basis of no genuine issue of material fact since, as to the claims against the individual defendants, the depositions showed factual discrepancies.

4. Plaintiff's claims were not barred by the statute of limitations since it was tolled while the federal suit was pending.

Affirmed in part, reversed in part and remanded.

1. GOVERNMENTAL IMMUNITY — GOVERNMENTAL FUNCTION — ULTRA VIRES ACTS.

All governmental agencies are immune from tort liability whenever they are engaged in the exercise of a governmental function, which is an activity which is expressly or impliedly mandated or authorized by constitution, statute, or other law; an agency's ultra vires activities are not entitled to immunity, and ultra vires activities are those which are not expressly or impliedly mandated or authorized by constitution, statute or other law.

2. GOVERNMENTAL IMMUNITY — JAILS OR DETENTION FACILITIES — DEFECTIVE PUBLIC BUILDINGS.

> The operation of a jail by a city is a governmental function for which the city is generally immune from tort liability.

3. GOVERNMENTAL IMMUNITY — ULTRA VIRES ACTIVITY.

> To be an ultra vires activity not entitled to governmental immunity, an act must be one of commission, not omission of a duty even if intentional.

4. JUDGMENTS — RES JUDICATA — COLLATERAL ESTOPPEL.

> Res judicata bars the reinstitution of the same cause of action by the same parties in a subsequent suit; collateral estoppel bars the relitigation of issues previously decided when such issues are raised in a subsequent suit by the same parties based upon a different cause of action.

5. JUDGMENTS — RES JUDICATA.

> There are three prerequisites to application of the doctrine of res judicata: (1) the prior action must have been decided on its merits; (2) the issues raised in the second case must have been resolved in the first; and (3) both actions must have involved the same parties or their privies.

6. JUDGMENTS — RES JUDICATA — SUMMARY JUDGMENTS — DISMISSAL.

> A summary judgment is a judgment on the merits which bars relitigation on the basis of res judicata; however, a federal court dismissal without prejudice is not an adjudication on the claims made and does not bar a later litigation of the same claims in a state court.

7. JUDGMENTS — SUMMARY JUDGMENTS — ISSUES OF MATERIAL FACT.

> A motion for summary judgment based on the absence of any genuine issue of material fact tests whether there is factual support for the claim, and a court ruling on such a motion should consider the pleadings, affidavits, depositions, admissions and other documentary evidence then available to it; before granting summary judgment the court should give the benefit of every reasonable doubt to the party opposing the motion and must be satisfied that it is impossible for the claim to be supported at trial because of some deficiency which could not be overcome.

8. LIMITATION OF ACTIONS — TOLLING PERIOD.

> The statute of limitations on a cause of action is tolled during the

time a prior suit is pending between the parties if the prior suit
is not adjudicated on its merits (MCL 600.5856; MSA 27A.5856).

*Steven T. Budaj, P.C.* (by *Steven T. Budaj*), and
*Julie H. Hurwitz, P.C.* (by *Julie H. Hurwitz* and
*Thomas W. Stephens*), for plaintiff.

*Cummings, McClorey, Davis & Acho, P.C.* (by *T.
Joseph Seward*), for defendants.

Before: Hood, P.J., and Cynar and R. B. Burns,*
JJ.

Hood, P.J. Defendants appeal by leave granted
from the trial court's orders of April 29, 1986, and
September 22, 1986, denying defendants' motions
for summary disposition. We affirm in part and
reverse in part.

This case has a long and complex procedural
history, and had its genesis in the September 17,
1977, arrest of the decedent, David Roberts, for
fraudulent use of a credit card at a Sears store in
Troy, Michigan. At the time of his arrest, Roberts
plunged through a heavy glass door in an attempt
to escape and received serious lacerations on his
hands and face. He was treated at a local hospital
and then taken to the City of Troy police station
and lockup facility.

There was no special screening or questioning to
determine if decedent was a high suicide risk.
After he was processed, decedent was placed in a
single isolation cell with horizontal crossbars. He
was also given medication that had been pre-
scribed at the hospital. Pursuant to Michigan De-
partment of Corrections Rule 791.635, 1979 AC, R
791.635, the Troy lockup facility was required to
make cell checks of the incarcerated inmates at

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment.

least once every sixty minutes on a twenty-four-hour basis.

The following morning, a Troy police cadet, Robert Mendham, was on duty and responsible for making the hourly cell checks. At 10:42 A.M., Mendham checked decedent's cell and saw that he was alive. There is some dispute as to whether decedent was let out of his cell at 11:00 A.M. to make a phone call. At approximately 11:50 A.M., however, decedent was discovered hanging by his socks from one of the bars of the cell door.

Deposition testimony indicates that, shortly before 11:50 A.M., defendant Officer Dennis Bobby was on his way to the men's room at the police station when he heard the shaking of cell bars and yelling coming from one of the prisoners' cells. Officer Bobby went into the men's room for a few minutes and then decided to check on what the prisoner wanted. He discovered decedent hanging by his socks. Officer Bobby yelled for help and tried to lift decedent up by his waist to alleviate the pressure from his neck. Defendant Officer Michael Kerr arrived and tried to untie the knot but it was drawn too tight. Officer Bobby yelled for a knife so that decedent could be cut down from the noose. Defendant Officers David Bartley and Thomas Houghton responded to Bobby's calls for help. Officer Houghton then ran out and called for an ambulance. Decedent was eventually cut down from the cell bar and the officers attempted to administer CPR. Their efforts were unsuccessful and decedent was later pronounced dead on arrival at the hospital.

On June 25, 1979, decedent's mother, Celestine Roberts, brought an action in the United States District Court for the Eastern District of Michigan, seeking damages under 42 USC 1983, as well as under state claims of negligence, gross negligence

and defective design of the lockup facility. The original complaint named the City of Troy, Troy Police Chief Forrest O. Fisher, and John Does i through v as defendants. On July 2, 1980, the complaint was amended to include Officers Kerr, Houghton, Bartley, and Bobby and Mendham as defendants. Decedent's brother Wesley Roberts became personal representative of decedent's estate when Mrs. Roberts died.

On May 21, 1982, the United States district court entered a memorandum opinion and order in which it: (1) granted summary judgment to defendants Kerr, Houghton, Bartley, Bobby and Mendham on plaintiff's federal civil rights claims; (2) granted summary judgment to defendant Fisher on plaintiff's state law claim on the basis of governmental immunity; (3) granted summary judgment to the City of Troy on plaintiff's claim that it was vicariously liable for the ultra vires conduct of defendant Fisher; (4) dismissed the other pendent state law claims; and (5) denied summary judgment to defendants City of Troy and Fisher on plaintiff's federal civil rights claims.

The case proceeded to a jury trial on plaintiff's federal civil rights claims against the City of Troy and Fisher. On March 7, 1983, the jury returned a verdict of no cause of action in favor of defendants and judgment was entered on the verdict. After several posttrial motions, plaintiff appealed the May 21, 1982, order and jury verdict to the United States Court of Appeals, Sixth Circuit.

On September 30, 1985, the Sixth Circuit Court of Appeals rendered its opinion which is reported at 773 F2d 720 (CA 6, 1985). In its decision, the Sixth Circuit affirmed the judgment of the district court on plaintiff's federal civil rights claims and the district court's order granting summary judgment to the City of Troy on plaintiff's state claim

of vicarious liability for the ultra vires conduct of Fisher. However, the Sixth Circuit remanded the case to the district court to amend its May 21, 1982, order dismissing the state claim to recite that the dismissals were without prejudice. The Sixth Circuit also reversed the summary judgment granted to defendant Fisher on the basis of governmental immunity and remanded that issue to the district court for further consideration.

On October 31, 1985, an order of dismissal was entered by the United States district court indicating that the state law claims against Kerr, Houghton, Bartley, Bobby, Mendham and Fisher were dismissed without prejudice. The order further stated that the remaining state law claims against the City of Troy were also dismissed without prejudice. On November 7, 1985, the district court entered an amended order of dismissal.

On April 7, 1983, while the federal case was pending on appeal in the Sixth Circuit, plaintiff brought an action against the City of Troy and Fisher in the Wayne Circuit Court. Counts I and II of the complaint alleged state claims of negligence and gross negligence and Count III alleged a defective public building claim. Venue was changed to Oakland Circuit Court, and an Oakland circuit judge granted accelerated judgment on Counts I and II of the complaint on the basis of res judicata but denied defendants' motion for summary judgment on plaintiff's defective public building claim. After plaintiff amended his complaint, the trial judge, on December 12, 1984, again granted accelerated judgment on the previously litigated claims. Subsequently, the case was scheduled for trial but adjourned on several occasions. The parties then stipulated to dismiss the action without prejudice and on October 29, 1986, an order was entered dismissing the action without prejudice.

After the federal district court entered its amended order of dismissal on November 7, 1985, plaintiff filed the instant action on November 8, 1985. Count ɪ of plaintiff's complaint alleges violation of ministerial duties and ultra vires conduct on the part of defendants City of Troy and Police Chief Fisher. Count ɪɪ of plaintiff's complaint alleges violation of ministerial duties and ultra vires conduct on the part of defendants Kerr, Houghton, Bartley, Bobby and Mendham. Subsequently, plaintiff amended his complaint to include a third count alleging a defective condition in a public building. The defective public building claim is not at issue in this appeal nor are defendants Fisher and Mendham parties to this appeal.

Defendant City of Troy moved for summary disposition on the basis of res judicata. Additionally, defendants Kerr, Houghton, Bartley and Bobby moved for summary disposition on the basis of the statute of limitations. Both motions, as well as motions for reconsideration, were denied.

Defendant City of Troy then moved for summary disposition on the basis of governmental immunity and defendants Kerr, Houghton, Bartley and Bobby moved for summary disposition based upon the absence of a genuine issue of material fact. Those motions were also denied and this appeal followed.

First, we address the issue upon which we must reverse the findings of the trial court. The trial court erred in denying summary disposition to the City of Troy on plaintiff's claim of ultra vires conduct.

MCL 691.1407; MSA 3.996(107) provides in part:

Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein the government

agency is engaged in the exercise or discharge of a governmental function.

In *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984), our Supreme Court iterated that all governmental agencies are immune from tort liability whenever they are engaged in the exercise of a governmental function, which the Court defined as "an activity which is expressly or impliedly mandated or authorized by constitution, statute or other law." 420 Mich 620. The *Ross* Court also held that an agency's ultra vires activities are not entitled to immunity, and defined ultra vires activities as those which are "not expressly or impliedly mandated or authorized by constitution, statute, or other law." 420 Mich 620.

The operation of a jail or detention facility is a governmental function, for which a city is generally immune. *Davis v Detroit,* 149 Mich App 249, 262; 386 NW2d 169 (1986), lv den 426 Mich 856 (1986).

In this case, defendant City of Troy contends that there were no ultra vires acts committed by itself or its police officers, since any alleged failure to check the prisoners' cells once every sixty minutes was a negligent omission rather than an ultra vires intentional act. We agree.

In *Richardson v Jackson Co,* 159 Mich App 766, 772; 407 NW2d 74 (1987), we held that the omission of an act is not sufficient to elevate even intentional omission of a duty, negligence, into an ultra vires intentional tort, but that the commission of an act rather than an omission is required. In that case, defendants Jackson County and Summit Township operated a public swimming area without receiving a permit as required by the Marine Safety Act, MCL 281.1001 *et seq.*; MSA

18.1287 *et seq.* In affirming the trial court's decision that governmental immunity did not apply we concluded:

> [T]he legislative mandate that no person shall permit bathing at a public swimming area absent compliance with the Marine Safety Act demonstrates that defendants here were functioning outside of their authority. Their failure to obtain a *permit cannot be viewed as an incidental, negligent omission.* Rather, the failure to obtain the permit was a failure to satisfy a condition precedent to the statutory authority to operate a swimming area. Consequently, the operation of the swimming area was an illegal act, the commission of a wrong rather than a negligent omission. Under the circumstances, the trial court thus properly concluded that defendants' operation of the swimming area was ultra vires. We therefore affirm the trial court's ruling. Our decision applies *only to the swimming area and not to the remainder of the park,* to which the Marine Safety Act does not apply. There is no abrogation of immunity regarding the rest of the park. [*Richardson, supra,* pp 774-775.]

The instant case is easily distinguishable from *Richardson.* There, defendants' failure to obtain the requisite permit was a failure to satisfy a condition precedent to the statutory authority to operate a public swimming area. Therefore, defendant's operation of the swimming area was an illegal and ultra vires act, and governmental immunity did not apply. Conversely, the City of Troy in this case did have the authority to operate a lockup facility, and required no special permit or license to do so. Failure to carry out cell checks once every sixty minutes as required by MDOC Rule 791.635 would constitute negligence, not ultra vires or illegal activity.

The trial court therefore erred in denying defendant City of Troy's motion for summary disposition of plaintiff's claim of ultra vires conduct. We reverse that finding, and order the entry of an order of dismissal on that claim.

Defendants also contend that the trial court erred in holding that plaintiff's claims against them are not barred by res judicata or collateral estoppel.

Res judicata is the doctrine which bars a subsequent action between the same parties when the facts or evidence essential to the maintenance of the two actions are identical, and applies only when the issues and the parties or their privies in the prior action are identical. *Topps-Toeller, Inc v Lansing,* 47 Mich App 720, 726-727; 209 NW2d 843 (1973), lv den 390 Mich 788 (1973). Collateral estoppel, on the other hand, bars the relitigation of issues previously decided when such issues are raised in a subsequent suit by the same parties based upon a different cause of action. In order to apply collateral estoppel, an issue of ultimate fact must have once been determined by a valid and final judgment in a previous litigation between the same parties. *People v White,* 411 Mich 366, 384; 308 NW2d 128 (1981).

There are three prerequisites to application of the doctrine of res judicata: (1) the prior action must have been decided on its merits; (2) the issues raised in the second case must have been resolved in the first; and (3) both actions must have involved the same parties or their privies. *San Joaquin County, California v Dewey,* 105 Mich App 122, 130-131; 306 NW2d 418 (1981). A summary judgment is a judgment on the merits which bars relitigation on the basis of res judicata. *Kellepourey v Burkhart,* 163 Mich App 251, 260; 413 NW2d 758 (1987). A federal court dismissal with-

out prejudice, however, does not comprise an adjudication on the claims made and res judicata will not bar plaintiff from later bringing the claims in state court. *Annabel v C J Link Lumber Co,* 417 Mich 950; 331 NW2d 900 (1983).

Defendant City of Troy contends that plaintiff's instant cause of action against the city was already adjudicated by the federal court and is barred by res judicata. However, in the federal court case, the only claims against the City of Troy which were adjudicated on the merits were plaintiff's federal civil rights claims and the state law claim based on vicarious liability for the alleged ultra vires conduct of defendant Fisher. In the instant action, plaintiff's claim against the City of Troy is not based on vicarious liability for the ultra vires conduct of defendant Fisher, but is based on the City of Troy's own claimed ultra vires conduct. Since the instant cause of action against Troy was not previously decided on the merits, the doctrine of res judicata does not apply.

Defendants Kerr, Houghton, Bartley and Bobby also contend that plaintiff's instant claims against them are barred by res judicata, while plaintiff maintains that defendants waived their right to assert the doctrine of res judicata because they failed to raise the argument in the trial court. While these defendants did not raise the issue in their motion for summary disposition, the affirmative defense of res judicata was pled by all of the defendants in their answers to plaintiff's initial complaint and amended complaint. Accordingly, defendants did not waive the affirmative defense of res judicata.

Nonetheless, plaintiff's state law claims against defendants Kerr, Houghton, Bartley and Bobby were not decided on the merits by the federal court and were dismissed without prejudice. Thus,

as in *Annabel, supra,* plaintiff's state claims against defendants are not barred by the doctrine of res judicata.

In addition, none of the defendants have shown how plaintiff's claims can be barred by the doctrine of collateral estoppel.

We therefore find no error in the trial court's refusal to grant summary disposition on these grounds.

Defendants next claim that the trial court erred reversibly in finding genuine issues of material fact as to defendants Kerr, Houghton, Bartley and Bobby.

A motion for summary disposition based on the absence of any genuine issue of material fact tests whether there is factual support for the claim. The trial court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence then available to it. Before granting summary disposition, the court must give the benefit of every reasonable doubt to the party opposing the motion and must be satisfied that it is impossible for the claim to be supported at trial because of some deficiency which could not be overcome. *Kortas v Thunderbowl & Lounge,* 120 Mich App 84, 86-87; 327 NW2d 401 (1982).

Defendants Kerr, Houghton, Bartley and Bobby moved for summary disposition under MCR 2.116(C)(10), claiming the absence of a genuine issue of material fact. In support of their motion, defendants submitted affidavits stating they were not present when decedent was brought into the police station and incarcerated. Defendants further stated that they were assigned duties other than observation and inspection of the lockup area at the time of decedent's suicide.

In opposition to defendants' motion, plaintiff relied on the deposition testimony of defendants to

show that genuine issues of material fact existed regarding defendants' ministerial duties and ultra vires conduct. In their deposition testimony, defendants Kerr, Houghton, Bartley and Bobby each testified that they were in the police station at the time decedent hung himself.

Defendant Bartley testified that he was the desk officer on the day of decedent's suicide. As the desk officer that day, he was responsible for the entire station including the supervision of the cadet who performed the cell checks. After decedent was discovered in his cell, Bartley went to the cell area and tried to help the other officers in administering CPR on decedent.

Defendant Kerr testified that he was present at the scene of decedent's arrest on September 17, 1977, and took decedent to the hospital for treatment of his injuries. On September 18, 1977, Kerr was in the police station at the time of decedent's suicide and helped Officer Bobby take decedent down from the noose. According to Kerr, officer Bobby held decedent up by his waist to alleviate the pressure from his neck while Kerr unsuccessfully tried to untie the noose. Ultimately, someone brought a knife and decedent was cut down.

Defendant Bobby was the officer who discovered decedent hanging in his cell. Bobby testified concerning his actions prior to and after that discovery, which culminated in Officers Kerr, Houghton and Bartley's helping him to cut the decedent down.

Additionally, there was some factual dispute as to whether decedent's cell had been checked once every sixty minutes that morning, as required by Michigan Department of Corrections Rule 791.635, and also as to whether specific officers were responsible for checking the cells or whether all

officers present in the station were responsible for that task.

Therefore, based on defendants' own deposition testimony, genuine issues of material fact remained as to the claims against defendants Kerr, Houghton, Bartley and Bobby, and the trial court did not err in denying defendants' motion for summary disposition.

Finally, defendants claim that the trial court erred in ruling that plaintiff's claims against Kerr, Houghton, Bartley and Bobby were not barred by the statute of limitations.

The statute of limitations for a wrongful death action is three years. MCL 600.5805(8); MSA 27A.5805(8). The statute of limitations is tolled during the time that a court has jurisdiction over the defendant. MCL 600.5856; MSA 27A.5856; *Stewart v Michigan Bell Telephone Co,* 39 Mich App 360; 197 NW2d 465 (1972). Furthermore, the statute of limitations is tolled during the time a prior suit is pending between the parties if the prior action is not adjudicated on the merits. *Annabel v C J Link Lumber Co,* 115 Mich App 116; 320 NW2d 64 (1982), rev'd on other grounds 417 Mich 950; 331 NW2d 900 (1983).

In the instant case, plaintiff's cause of action against defendants accrued on September 18, 1977. On June 25, 1979, plaintiff filed a complaint against defendants City of Troy, Forrest Fisher and Joe Does i through v in United States District Court. On June 20, 1980, plaintiff was granted leave to amend his complaint to add Kerr, Houghton, Bartley and Bobby as defendants. Thus, on June 20, 1980, the district court had jurisdiction over defendants and the statute of limitations was tolled.

On May 21, 1982, the United States district court granted defendants Kerr, Houghton, Bartley

and Bobby summary judgment on plaintiff's federal civil rights claims. The district court further decided not to exercise pendent jurisdiction over plaintiff's state law claims against defendants and dismissed the claims. However, when plaintiff appealed to the Sixth Circuit Court of Appeals, the federal courts retained jurisdiction over all the defendants and the statute of limitations continued to be tolled.

On September 30, 1985, the Sixth Circuit remanded the case to district court and instructed the district court to amend its order of dismissal to recite that plaintiff's state claims against defendants were dismissed without prejudice. On November 7, 1985, the district court entered an amended order dismissing plaintiff's state claims against defendants Kerr, Houghton, Bartley and Bobby without prejudice. The following day, on November 8, 1985, plaintiff brought the instant action against defendants in state court.

Accordingly, plaintiff's state law claims against defendants were not adjudicated on the merits and were dismissed without prejudice. Thus, the statute of limitations was tolled throughout the period that the prior suit was pending in the federal courts.

Affirmed in part, reversed in part and remanded.