KING v MICHIGAN CONSOLIDATED GAS COMPANY

Docket No. 105120. Submitted February 8, 1989, at Detroit. Decided June 7, 1989. Leave to appeal applied for.

Plaintiff, Michael W. King, was terminated from his employment with defendant, Michigan Consolidated Gas Company, as a result of an economically motivated work force reduction. Plaintiff, who is black, then filed a complaint in Wayne Circuit Court alleging racial discrimination in violation of the state Civil Rights Act, a 42 USC 1981 claim, and a breach of contract claim based on *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579 (1980). Defendant had the action removed to federal court based on the 42 USC 1981 claim. The federal district court declined to exercise pendent jurisdiction over plaintiff's state law claims and remanded them back to Wayne Circuit Court. The federal court retained jurisdiction over the § 1981 claim and, following a trial, the jury returned a verdict of no cause of action, finding that defendant did not intentionally discriminate against plaintiff in deciding to terminate him. The Wayne Circuit Court, James E. Mies, J., then granted defendant's motion for summary disposition, ruling that the state Civil Rights Act claim was barred by res judicata, since the federal jury had found that defendant did not intentionally discriminate against plaintiff in terminating him. The court also granted defendant's motion on the *Toussaint* claim, based on *Friske v Jasinski Builders, Inc,* 156 Mich App 468 (1986), indicating that termination of the employment of an otherwise competent employee due to an economically motivated business closing is not grounds for a wrongful discharge claim. Plaintiff appealed.

The Court of Appeals *held:*

1. Plaintiff's state Civil Rights Act claim is not barred by the doctrine of res judicata since that claim was not decided on the

REFERENCES

Am Jur 2d, Judgments §§ 394 *et seq.;* Master and Servant §§ 43 *et seq.*

See the Index to Annotations under Discharge from Employment or Office; Res Judicata.

merits and was not dismissed with prejudice by the federal court.

2. The trial court also erred in granting defendant's motion for summary disposition on plaintiff's contract claim under *Toussaint.* Plaintiff adequately alleged a breach of contract claim under *Toussaint* in challenging the manner in which he was selected for termination over his fellow supervisors by contending that defendant set forth policies and procedures that it would follow in making work force reductions and that defendant failed to follow the policies it had created and breached its contract with plaintiff.

Reversed.

1. JUDGMENTS — RES JUDICATA.

There are three prerequisites to the application of the doctrine of res judicata: the prior action must have been decided on its merits, the issues raised in the second case must have been resolved in the first, and both actions must have involved the same parties or their privies.

2. JUDGMENTS — RES JUDICATA — SUMMARY JUDGMENT — DISMISSAL WITHOUT PREJUDICE.

A summary judgment is a judgment on the merits which bars relitigation on the basis of res judicata; a federal court dismissal without prejudice does not comprise an adjudication on the claims made and res judicata will not bar the plaintiff from later bringing the claims in a state court.

3. MASTER AND SERVANT — TERMS OF EMPLOYMENT — WRONGFUL DISCHARGE.

Oral and written statements by an employer of its personnel policies and procedures can give rise to contractual rights to an employee; although the termination of an employee due to economically motivated business reductions ordinarily does not give rise to a wrongful discharge claim, a wrongful discharge claim may arise where an employer establishes procedures for the reduction of its work force and fails to comply with those procedures in terminating an employee.

*Shrauger, Dunn & Aronson, P.C.* (by *Gary A. Benjamin*), for plaintiff.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Lawrence G. Campbell* and *Noel D. Massie*), for defendant.

Before: CYNAR, P.J., and SHEPHERD and MARILYN KELLY, JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court's November 13, 1987, order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(7) and (10). We reverse.

On January 25, 1983, plaintiff was terminated from his employment with defendant, Michigan Consolidated Gas Company. Plaintiff was one of five shift supervisors. Three of the shift supervisors were white. Plaintiff and the other supervisor are black. There is no dispute that plaintiff's termination was the result of a work force reduction. In January, 1983, defendant underwent a significant reduction of operations due to its economic position. As a result, two of the five supervisory positions were eliminated. Plaintiff and the other black supervisor were both laid off.

Before January, 1983, defendant formulated a policy establishing guidelines for the anticipated termination of several hundred nonunion employees due to the economically motivated work force reductions. Defendant's policy provided that, where a position had multiple incumbents and the number of slots were reduced, the selection of employees to be released was to be based on business-related criteria including performance ratings, presence or absence of skills critical to the organization, and dependability. Plaintiff and the other supervisors had equivalent performance ratings and were equally dependable.

Plaintiff claimed that he was improperly selected for release from employment since he possessed a third-class refrigeration license that defendant had stated was required for the job while one white supervisor was retained even though he did not have such a license. It is undisputed that

the retained supervisors had substantially more seniority than plaintiff.

On November 19, 1985, plaintiff filed a complaint in Wayne Circuit Court, alleging racial discrimination in violation of the Civil Rights Act, MCL 37.2101 *et seq.;* MSA 3.548(101) *et seq.,* a 42 USC 1981 claim, and a breach of contract claim based on *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980), reh den 409 Mich 1101 (1980).

On December 19, 1985, defendant had this action removed to federal court based on the 42 USC 1981 claim. On February 5, 1987, the federal district court declined to exercise pendent jurisdiction over plaintiff's state law claims and remanded the state Civil Rights Act claim and the *Toussaint* claim back to Wayne Circuit Court. The federal district court retained jurisdiction over the § 1981 claim. Neither party appealed the federal court's order of remand.

The 42 USC 1981 claim was tried before a federal jury in February, 1987, and the jury returned a verdict of no cause of action. In reaching its verdict, the jury determined that defendant did not intentionally discriminate against plaintiff in deciding to terminate him.

On August 4, 1987, defendant moved for summary disposition on the remanded state claims in Wayne Circuit Court. Defendant argued that plaintiff's state Civil Rights Act claim was barred by res judicata and that the *Toussaint* claim failed as a matter of law.

On November 6, 1987, the trial court ruled that plaintiff's state Civil Rights Act claim was barred by res judicata since the federal jury had already found in its verdict form that defendant did not intentionally discriminate against plaintiff in terminating him. The trial court further granted

defendant's motion on the *Toussaint* claim, based on *Friske v Jasinski Builders, Inc,* 156 Mich App 468, 472; 402 NW2d 42 (1986), lv den 428 Mich 880 (1987), indicating that termination of the employment of an otherwise competent employee due to an economically motivated business closing is not grounds for a wrongful discharge claim.

On appeal, plaintiff first argues that his state Civil Rights Act claim is not barred by the doctrine of res judicata. We agree.

Res judicata is the doctrine which bars a subsequent action between the same parties when the facts or evidence essential to the maintenance of the two actions are identical, and applies only when the issues and the parties or their privies in the prior action are identical. *Roberts v City of Troy,* 170 Mich App 567, 577; 429 NW2d 206 (1988); *Topps-Toeller, Inc v Lansing,* 47 Mich App 720, 726-727; 209 NW2d 843 (1973), lv den 390 Mich 788 (1973).

There are three prerequisites to the application of the doctrine of res judicata: (1) the prior action must have been decided on its merits; (2) the issues raised in the second case must have been resolved in the first; and (3) both actions must have involved the same parties or their privies. *Roberts, supra.* A summary judgment is a judgment on the merits which bars relitigation on the basis of res judicata. *Id.* A federal court dismissal without prejudice, however, does not comprise an adjudication on the claims made and res judicata will not bar the plaintiff from later bringing the claims in a state court. *Annabel v C J Link Lumber Co,* 417 Mich 950; 331 NW2d 900 (1983); *Roberts, supra,* pp 577-578.

In the present case, plaintiff brought the 42 USC 1981 claim, the state Civil Rights Act claim, and the *Toussaint* claim in his complaint in Wayne

Circuit Court. This case was then removed to federal court but the federal judge declined to exercise pendent jurisdiction over the state Civil Rights Act and *Toussaint* claims and remanded those claims back to state court. Since plaintiff's state Civil Rights Act claim was not decided on the merits and was not dismissed with prejudice by the federal court, that claim should not be barred by the doctrine of res judicata. The federal court's decision in declining to exercise jurisdiction over the pendent state law claims in this case did not constitute an adjudication on the merits and should not create a situation in which the plaintiff's remanded state claims may be barred by the doctrine of res judicata. In this case, plaintiff did not split his causes of action and prudently raised all of his claims in one complaint. Accordingly, we find that the doctrine of res judicata is not applicable under the facts of this case and that the trial court erred in holding that plaintiff's state Civil Rights Act claim was barred by res judicata.

Plaintiff also argues that the trial court erred in granting defendant's motion for summary disposition on plaintiff's contract claim under *Toussaint.* We agree.

Oral and written statements by an employer of its personnel policies and procedures can give rise to contractual rights to an employee. *Toussaint, supra,* pp 598-599; *Dixon v W W Grainger, Inc,* 168 Mich App 107, 111; 423 NW2d 580 (1987). In this case, plaintiff does not dispute that his termination was the result of a work force reduction. Rather, plaintiff challenges the manner in which he was selected for termination over his fellow supervisors. Plaintiff contends that defendant set forth policies and procedures that defendant would follow in making work force reductions and that defendant failed to follow the policies it had cre-

ated and breached its contract with plaintiff. Defendant's written policies provided that performance ratings, the presence or absence of skills critical to the organization, and dependability were factors that would be considered in selecting the employees to be released due to a work force reduction. Plaintiff maintains that he was improperly selected for termination of employment because he possessed a third-class refrigeration license that defendant had stated was required for the job while one of the other supervisors was retained even though he did not have such a license.

Although, as in *Friske, supra,* the termination of an employee due to economically motivated business reductions ordinarily does not give rise to a wrongful discharge claim, a wrongful discharge claim under *Toussaint* may arise where an employer establishes procedures for the reduction of its work force and fails to comply with those procedures in terminating an employee. Based upon our careful review of the record in this case, we find that plaintiff adequately alleged a breach of contract claim under *Toussaint* and that the trial court erred in granting defendant's motion for summary disposition since questions of fact remained as to whether plaintiff was properly terminated pursuant to defendant's policies and procedures.

Reversed and remanded for further proceedings. We do not retain jurisdiction.