# STATE OF MICHIGAN

# COURT OF APPEALS

---

SHEILA SANFORD,

       Plaintiff-Appellant,

v

PRUDENTIAL INSURANCE COMPANY OF
AMERICA,

       Defendant-Appellee.

UNPUBLISHED
August 2, 2016

No. 326591
Genesee Circuit Court
LC No. 14-102569-NF

---

Before: SHAPIRO, P.J., and HOEKSTRA and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff appeals as of right the order of involuntary dismissal entered in favor of defendant. We reverse and remand.

## I. FACTS AND PROCEDURAL HISTORY

Randall Sanford was injured in a motor vehicle accident in 2001, when plaintiff began providing attendant care services for her husband. In 2009, Randall was diagnosed with cirrhosis of the liver, a diagnosis completely unrelated to his automobile accident. Randall received attendant care benefits from his no-fault insurer, defendant, until November or December 2011. When defendant ceased payment of Randall's attendant care benefits, Randall brought action against defendant to collect payments. The trial court in Randall's action ordered an in-home medical evaluation to distinguish between the services Randall was receiving as a result of his motor vehicle accident injury, and the services he was receiving related to his cirrhosis, as defendant was responsible for paying costs related only to the injuries sustained from the motor vehicle accident. It is undisputed that Randall did not submit to the evaluation. Defendant moved for dismissal based on Randall's failure to comply with the order, but before the trial court decided the motion, Randall and defendant stipulated to a dismissal without prejudice. Randall subsequently died, and plaintiff filed the instant action seeking payment for her services to Randall from April 22, 2013 to December 5, 2013, totaling $109,440.00. Defendant filed a motion to dismiss, and after hearing the parties' arguments, the trial court dismissed plaintiff's action; the court asserted that due to Randall's failure to comply with the court-ordered evaluation, and the fact that compliance would be impossible at this point due to Randall's death, plaintiff's claim could not continue due to procedural deficiencies.

## II. ANALYSIS

-1-

Plaintiff claims that defendant is attempting to collaterally attack the previous dismissal without prejudice. However, plaintiff fails to include "the applicable standard or standards of review and supporting authorities" that MCR 7.212(C)(7) requires. Moreover, plaintiff only fully cites two cases, both of which are not binding on this Court and are distinguishable from this case. Plaintiff also appears to attempt to cite *Workers' Comp Agency Dir v MacDonald's Indus Prods, Inc*, 305 Mich App 460; 853 NW2d 467 (2014). However, plaintiff simply includes the name of the case without any reference to the reporter information. More importantly, plaintiff does not explain how any of the few cases she points to are applicable to the facts at hand. Thus, plaintiff's argument could be deemed abandoned, as she failed to adequately explain it or support her argument with citations to binding, supportive authority. See *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003) ("The appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give issues cursory treatment with little or no citation of supporting authority.") (citations omitted).

However, deficiencies in plaintiff's brief aside, the trial court did err by granting defendant's motion for dismissal when it considered Randall's, and thereby plaintiff's, failure to comply with a court order from a previous case not in question in the proceedings at hand. This court reviews a trial court's decision to grant or deny a motion for summary disposition de novo. *Oliver v Smith*, 269 Mich App 560, 563; 715 NW2d 314 (2006). "Res judicata bars a subsequent action between the same parties when the evidence or essential facts are identical." *Eaton Co. Bd. of Co. Rd. Comm'rs v* Schultz, 205 Mich App 371, 375; 521 NW2d 847 (1994). In order for res judicata to apply, "the prior action must have been decided on its merits" or with prejudice. *King v Michigan Consolidated Gas Co.*, 177 Mich App 531, 535; 442 NW2d 714 (1989).

In the prior litigation brought by plaintiff's now deceased husband, the parties stipulated to an order of dismissal without prejudice, meaning that the trial court made no decision on the merits of the case. Therefore, a party's failure to comply with an order associated with the previously dismissed case has no bearing on the pendency of the litigation at hand. The trial court failed to see if plaintiff could present a prima facie case using an alternative method to meet her burden, other than the previously ordered home evaluation, erroneously concluding that the home evaluation was the only way for her to do so. If the home evaluation would have been an explicit requirement under the terms of the insurance policy, defendant would have a valid argument for dismissal based on procedural impossibility; however, that is not the case here and the evaluation was merely part of a discovery order of a case later dismissed.[1] Defendant cannot ask the court to make a decision in this case based solely on evidence presented and discovery ordered in previous litigation when defendant agreed to dismissal of that case without prejudice. Based on the limited evidence contained within the record, this court is unable to make a

---

[1] At oral argument, it was alleged that the trial court's ruling was based on MCR 2.116(C)(10), as a "no genuine issue as to any material fact" issue. However, this assertion is inconsistent with the lower court record, which clearly indicates the reason for granting defendant's motion for dismissal of the case was plaintiff's failure to comply with the in-home medical evaluation ordered in the prior case's discovery order.

judgment on the merits of plaintiff's claim and finds that the trial court must allow plaintiff to properly present her case.

We reverse and remand for findings consistent with this opinion. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Joel P. Hoekstra
/s/ Amy Ronayne Krause