## BURDETTE v STATE OF MICHIGAN

Docket No. 97150. Submitted November 18, 1987, at Lansing. Decided February 16, 1988.

Nathaniel Burdette and John C. Smith brought a multicount claim in the Court of Claims against the State of Michigan seeking compensation for certain property they had owned in the City of Detroit which had been sold by the State of Michigan at a tax sale for nonpayment of property taxes. Plaintiffs alleged that their constitutional right to due process had been violated by the defendant as a result of the property having been seized under color of law and then having been sold without plaintiffs having been notified of the proceedings. Defendant moved for summary disposition on the basis of governmental immunity, arguing that the failure to notify plaintiffs of the proceedings was mere negligence in the performance of a governmental function and thus subject to the defense of governmental immunity. The Court of Claims, James T. Kallman, J., granted defendant's motion. Plaintiffs appealed.

The Court of Appeals *held:*

Governmental immunity is not available to the State of Michigan in an action against the state where it is alleged that the state has violated a right conferred by the Michigan Constitution. Since plaintiffs' claim alleged that the state violated their right to due process, that claim is not subject to the defense of governmental immunity.

Reversed and remanded.

ACTIONS — GOVERNMENTAL IMMUNITY — CONSTITUTIONAL RIGHTS — TAX SALES.

Governmental immunity is not available to the State of Michigan in an action which is based on the alleged violation by the state of a right conferred by the Michigan Constitution; accordingly, the defense of governmental immunity is not available to the state where the plaintiff seeks damages arising out of a tax sale

REFERENCES

Am Jur 2d, States, Territories, and Dependencies §§ 99 *et seq.*

State's immunity from tort liability as dependent on governmental or proprietary nature of function. 40 ALR2d 927.

by the state of plaintiff's property and alleges that the sale of the property was undertaken in violation of the constitutionally protected due process right to notice and an opportunity to be heard.

*Geoffrey A. D. Smereck,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Thomas J. Emery* and *Sheldon A. Silver,* Assistant Attorneys General, for defendant.

Before: M. J. KELLY, P.J., and G. R. McDONALD and J. D. PAYANT,* JJ.

M. J. KELLY, P.J. Plaintiffs appeal the November 18, 1986, order of the Court of Claims which granted the State of Michigan's motion for summary disposition. We reverse and remand.

Plaintiffs were the owners of real property located in the City of Detroit. Defendant seized the property pursuant to the General Property Tax Act, MCL 211.1 *et seq.;* MSA 7.1 *et seq.,* for nonpayment of property taxes. The property was then sold to the City of Detroit at a tax sale for one dollar.

Subsequently, plaintiffs brought a multiple count claim against defendant in the Court of Claims. This action included a claim of a due process violation. Plaintiffs alleged that defendant seized their property under color of law without first notifying plaintiffs of the proceedings against them, that this constituted a violation of plaintiffs' constitutional right to due process and that as a result plaintiffs incurred substantial damages.

Defendant moved for summary disposition on the basis that governmental immunity barred plaintiffs' claim. It was undisputed for purposes of

* Circuit judge, sitting on the Court of Appeals by assignment.

the motion that plaintiffs had not received any notice of any tax jeopary or proceedings initiated by defendant. Defendant argued that failure to notify plaintiffs of the closing and tax sale was mere negligence in the performance of a governmental function and that, on the basis of the holding in *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984), defendant was immune from liability. The Court of Claims agreed with defendant and granted defendant's motion.

Article I, § 17 of the 1963 Michigan Constitution provides that the state may not deprive a person of property without due process of law. Constitutional due process guarantees prohibit the state from taking property for nonpayment of taxes without proper notice and opportunity for a hearing. *Dow v Michigan*, 396 Mich 192, 210; 240 NW2d 450 (1976). In a tax sale or foreclosure, due process requires that the state must provide notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of an action and to afford them an opportunity to present their objections. *Mennonite Bd of Missions v Adams*, 462 US 791, 795; 103 S Ct 2706; 77 L Ed 2d 180 (1983); *Dow, supra,* p 206.

Governmental immunity is not available in a state court action where it is alleged that the state has violated a right conferred by the Michigan Constitution. *Smith v Dep't of Public Health,* 428 Mich 540; 410 NW2d 749 (1987). Plaintiffs' claim alleged that defendant violated plaintiffs' due process rights under Const 1963, art 1, § 17. Plaintiffs have stated a prima facie claim. Under *Smith,* defendant cannot claim immunity where the plaintiff alleges that defendant has violated its own constitution. Constitutional rights serve to restrict government conduct. These rights would never

serve this purpose if the state could use governmental immunity to avoid constitutional restrictions. It was therefore error for the Court of Claims to grant defendant's motion on the basis of governmental immunity.

Reversed and remanded.