MARLIN v CITY OF DETROIT

Docket No. 102357. Submitted December 7, 1988, at Detroit. Decided
    May 15, 1989.

Police officers for the City of Detroit found John E. Marlin dead
    with no identification on his body. They later discovered the
    decedent's automobile and several of his personal effects, in-
    cluding his wallet and items indicating his identity and ad-
    dress, inside the automobile. The decedent's wife, Constance F.
    Marlin, was not notified of the decedent's death for several
    weeks. Mrs. Marlin, individually and as conservator of the
    decedent's estate, brought an action in Wayne Circuit Court
    against the City of Detroit, the police officers involved in the
    decedent's case, and others. Against the City of Detroit (hereaf-
    ter defendant), plaintiff alleged that defendant violated her
    state constitutional rights to due process and equal protection
    and that defendant is liable in tort for the failure of its police
    officers to comply with a provision of the medical examiners'
    act, MCL 52.208; MSA 5.953(8), which requires the police to
    turn over a decedent's personal belongings to the decedent's
    next of kin. The trial court, Thomas J. Foley, J., granted
    summary disposition in favor of defendant, ruling that plain-
    tiff's claims did not fall within the exception to governmental
    immunity for ultra vires activity. Plaintiff appealed.

    The Court of Appeals held:

    1. To be an ultra vires activity not entitled to governmental
    immunity, an act must be one of commission, not omission, of a
    duty, even if intentional. Here, the police officers' noncompli-
    ance with the statute was an act of negligence and not an ultra
    vires act for which defendant can be held liable in tort.

    2. Governmental immunity is not available as a defense in an
    action based on an alleged violation by the defendant of a right
    conferred by the Michigan Constitution. In this case, summary
    disposition of plaintiff's constitutional claims was error and a

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability
    §§ 87 et seq., 156, 157, 434.
See the Index to Annotations under Governmental Immunity or
    Privilege.

remand is necessary for a determination whether plaintiff has pled a violation of the Michigan Constitution by virtue of a custom or policy of defendant.

Affirmed in part, reversed in part, and remanded.

1. GOVERNMENTAL IMMUNITY — GOVERNMENTAL FUNCTION — ULTRA VIRES ACTIVITY.

All governmental agencies are immune from tort liability whenever they are engaged in the exercise of a governmental function, which is an activity which is expressly or impliedly mandated or authorized by constitution, statute, or other law; an agency's ultra vires activities are not entitled to immunity, and ultra vires activities are those which are not expressly or impliedly mandated or authorized by constitution, statute, or other law.

2. GOVERNMENTAL IMMUNITY — ULTRA VIRES ACTIVITY.

To be an ultra vires activity not entitled to governmental immunity, an act must be one of commission, not omission, of a duty, even if intentional.

3. ACTIONS — DEFENSES — GOVERNMENTAL IMMUNITY — CONSTITUTIONAL RIGHTS.

Governmental immunity is not available as a defense in an action based on an alleged violation by the defendant of a right conferred by the Michigan Constitution.

*Fieger & Fieger, P.C.* (by *William C. Harsha* and *Geoffrey N. Fieger*), for plaintiff.

*Donald Pailen,* Corporation Counsel, and *Leona L. Lloyd,* Assistant Corporation Counsel, for defendant.

Before: WAHLS, P.J., and McDONALD and C. W. SIMON, JR.,* JJ.

C.W. SIMON, JR., J. Plaintiff appeals as of right from the Wayne Circuit Court's order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(7) on the basis of governmental immunity under *Ross v Consumers Power Co*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*(On Rehearing),* 420 Mich 567; 363 NW2d 641 (1984), reh den 421 Mich 1202 (1985).

On September 22, 1980, police officers arrived at the Prudential Health Club where John E. Marlin's body had been discovered. Although there was no identification on the decedent's clothing, the police discovered decedent's car located outside of the club. Decedent's wallet and miscellaneous identification were found inside the car. The police confiscated decedent's personal effects, including identification, and his body was taken to the county morgue. Although the police were aware of decedent's name and address, they failed to notify Constance F. Marlin, decedent's wife, about her husband's death.

Mrs. Marlin, concerned about her husband's absence, filed a missing persons report with the Birmingham Police Department. After conducting an extensive search, the Birmingham police issued a press release concerning decedent's disappearance. On October 15, 1980, the Detroit Police Department informed the Birmingham Police Department that decedent had been in the morgue since September 22, 1980.

Mrs. Marlin brought suit against Detroit Police Officers Robert Hislop, Barbara Weide, William Dildy, and Moses Skelton, as well as Harold Oakley, chief investigator of the Wayne County Morgue, and Werner Spitz, Wayne County Medical Examiner, alleging negligence and gross negligence in failing to inform her of her deceased husband's whereabouts. The trial court denied plaintiff's motion to amend to add the City of Detroit and the County of Wayne as defendants. The claims against Oakley and Spitz were dismissed by an order granting summary disposition on the basis of governmental immunity. A jury

returned a verdict of no cause of action in favor of the remaining four defendants.

On October 14, 1983, plaintiff filed a suit in federal court against the six defendants named in the original state court action as well as the City of Detroit, Wayne County, Detroit Police Department, and the Wayne County Medical Examiner's office. Plaintiff's federal suit alleged negligence, gross negligence, intentional misconduct, violation of statute, and violation of both the state and federal constitutions. However, all the federal and state law claims were abandoned except for those under 42 USC 1983. By order dated December 12, 1984, plaintiff's federal complaint under 42 USC 1983 was dismissed.

On October 13, 1983, plaintiff filed the present suit against Oakley, Spitz, the City of Detroit, and Wayne County, raising the same tort and constitutional violation claims raised in the prior suit. On March 24, 1986, the trial court dismissed the action as against defendants Oakley, Spitz, and Wayne County.

On January 23, 1987, defendant City of Detroit moved for summary disposition pursuant to MCR 2.116(C)(7) on the basis that plaintiff failed to plead facts in avoidance of governmental immunity. The trial court granted defendant's motion, and plaintiff now appeals.

Plaintiff first argues that defendant City of Detroit should be held vicariously liable for the actions of its police officers because those acts were ultra vires. Plaintiff contends that, since the acts were contrary to MCL 52.208; MSA 5.953(8), the acts did not constitute the exercise or discharge of a governmental function. Plaintiff claims that the officers violated this statute by failing to deliver decedent's personal effects to plaintiff, decedent's

next of kin, and, therefore, they were acting outside of their statutory authority. We disagree.
MCL 52.208; MSA 5.953(8) provides:

> In all cases arising under the provisions of this act, in the absence of next of kin of the deceased person, the senior police officer being concerned with the matter, and in the absence of police, the county medical examiner or his deputy, shall take possession of all property of value found upon the person of the deceased, make an exact inventory report thereof and shall deliver the property, unless required as evidence, to the person entitled to the custody or possession of the body. If the personal property of value is not claimed by the person entitled to the custody or possession of the body of the decedent within 60 days, the property shall be turned over to an administrator or other personal representatives of the decedent's estate to be disposed of according to law; or, if required as evidence, the property within 60 days after the termination of any proceeding or appeal period therefrom permitted by law shall be turned over to the person entitled to the custody or possession of the body, or to an administrator or other personal representative of the decedent's estate. Nothing in this section shall affect the powers and duties of a public administrator.

Defendant is immune from tort liability for injuries arising out of the exercise or discharge of a governmental function. *Ross, supra,* p 591. A governmental function is an activity which is expressly or impliedly mandated or authorized by constitution, statute, or other law. *Id.,* p 620. Conversely, an agency is liable for injuries resulting from its ultra vires activity, or activity which is not expressly or impliedly mandated or authorized by constitution, statute, or other law. *Id.*

In analyzing whether an agency is performing a governmental function, this Court focuses on the

general activity rather than the specific conduct involved at the time the alleged tort occurred. *Id.,* p 625; *Smith v Dep't of Public Health,* 428 Mich 540, 608; 410 NW2d 749 (1987), reh den 429 Mich 1207 (1987), cert gtd sub nom *Will v Michigan Dep't of State Police,* — US —; 108 S Ct 1466; 99 L Ed 2d 696 (1988).

Generally, the omission of an act is not sufficient to elevate even intentional omissions of a duty, i.e., negligence, to an ultra vires intentional tort. The commission of an act, rather than an omission, is required. *Richardson v Jackson Co,* 159 Mich App 766, 772; 407 NW2d 74 (1987), lv gtd 430 Mich 857 (1988). In *Richardson,* the plaintiff brought suit against Jackson County for failure to properly install buoys at a public swimming area. This Court held that defendant's failure to obtain a permit for the placement of the buoys, as required by statute, constituted an ultra vires act. The *Richardson* decision was premised on the legislative mandate that no person shall permit bathing at a public swimming area absent compliance with the Marine Safety Act, which requires a permit for the placement of buoys. Thus, under *Richardson,* an omission or failure to satisfy a condition precedent to statutory authority is an illegal or ultra vires act for which there is no governmental immunity. *Id.,* p 774.

Recently, this Court in *Roberts v City of Troy,* 170 Mich App 567; 429 NW2d 206 (1988), distinguished the *Richardson* decision by noting that the defendant in *Roberts* required no special license or special permit for its authority to engage in the complained-of activity. In *Roberts,* the plaintiff brought suit against the City of Troy for failure to carry out cell checks once every sixty minutes as required by law. The *Roberts* Court found that, since the City of Troy has authority to operate a

lockup facility, the failure to perform cell checks constituted negligence, not ultra vires or illegal activity. *Id.,* p 576.

Likewise, in the present case, defendant City of Detroit has the authority to operate a police department, and requires no special permit or license to do so. Generally, the operation of a police department is a governmental function. *Hill v City of Saginaw,* 155 Mich App 161, 170; 399 NW2d 398 (1986). Further, the general activity of returning personal effects to relatives is expressly authorized under MCL 52.208; MSA 5.953(8). We find that the failure to return decedent's property to plaintiff constitutes negligence and not an ultra vires act.

Second, plaintiff argues that the trial court erred in granting defendant's motion for summary disposition on plaintiff's constitutional violation claim. We agree.

Paragraph 27 of plaintiff's complaint alleges that defendant denied plaintiff her right to equal protection and due process of law under Const 1963, art 1, §§ 2, 17. In Michigan, governmental immunity is not available in a state court action where it is alleged that the state violated a right conferred by the state constitution. *Smith, supra,* p 544; *Burdette v Michigan,* 166 Mich App 406, 408-409; 421 NW2d 185 (1988). Under *Smith,* defendant cannot claim immunity where plaintiff alleges that defendant has violated the state constitution by virtue of custom or policy. *Smith, supra,* p 544. Pursuant to *Smith,* we remand for a determination of whether plaintiff has pled a violation of the Michigan Constitution by virtue of a governmental custom or policy.[1]

---

[1] Because defendant failed to raise the argument below, we decline to address its contention that plaintiff's state constitutional violation claim is barred under the doctrine of collateral estoppel in view of the federal court's earlier dismissal of plaintiff's suit. *Joe Dwyer, Inc v*

Affirmed in part, reversed in part and remanded. We do not retain jurisdiction.

---

*Jaguar Cars, Inc,* 167 Mich App 672, 685; 423 NW2d 311 (1988). It is without merit in any event because the same ultimate issues were not litigated in the earlier federal suit. *Dumas v Auto Club Ins Ass'n,* 168 Mich App 619, 634; 425 NW2d 480 (1988). Here, plaintiff abandoned her state constitutional claims prior to the federal court's dismissal of her complaint.