EPPERSON v CRAWFORD COUNTY ROAD COMMISSION

Docket No. 114516. Submitted March 4, 1992, at Grand Rapids. Decided July 1, 1992; approved for publication September 30, 1992, at 9:05 A.M.

Denise Epperson, as personal representative of the estate of Daniel W. Epperson, III, deceased, brought an action in the Crawford Circuit Court against the Crawford County Road Commission following the decedent's fatal injury in an accident in which an automobile he was riding was struck by a motorist who failed to head a stop sign maintained by the commission. The plaintiff alleged that the commission had created an intentional nuisance and committed an ultra vires act in allowing roadside vegetation to obscure the stop sign. The court, William A. Porter, J., granted summary disposition for the commission on the ground of governmental immunity. The plaintiff appealed.

The Court of Appeals *held:*

1. The plaintiff's claim of intentional nuisance properly may be considered a claim of public nuisance. However, there is no public nuisance exception to governmental immunity.

2. The plaintiff's allegations that the commission failed to control roadside vegetation constituted allegations of the omission of an act, rather than the commission of an act, and therefore are insufficient to state a claim of ultra vires activity.

Affirmed.

1. Governmental Immunity — Exceptions — Public Nuisance.

There is no public nuisance exception to governmental immunity.

2. Governmental Immunity — Ultra Vires Activity.

To be an ultra vires activity not entitled to governmental immunity, an act must be one of commission, not omission, of a duty, even if intentional.

References

Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 175-176.

Liability, in motor vehicle-related cases, of governmental entity for injury, death, or property damage resulting from defect or obstruction in shoulder of street or highway. 19 ALR4th 532.

*Mark T. Light,* for the plaintiff.

*Law Offices of Rusch & Prine* (by *Andrew W. Prine*), for the defendant.

Before: DOCTOROFF, C.J., and MICHAEL J. KELLY and R. B. BURNS,* JJ.

PER CURIAM. Plaintiff's decedent, Daniel W. Epperson, III, was killed when a vehicle ran past a stop sign at an intersection in Crawford County, Michigan, and collided with the car in which he was a passenger. Plaintiff brought this action, claiming that defendant had created an intentional nuisance and committed an ultra vires act by allowing roadside vegetation to obscure the stop sign. The circuit court granted summary disposition in favor of defendant pursuant to MCR 2.116(C)(7) and (8) on the ground that plaintiff's claims were barred by governmental immunity.

Plaintiff now contends that the lower court erred in awarding summary disposition because her complaint raised a claim of public nuisance as an exception to governmental immunity. We agree that plaintiff has raised such a claim, but deny its validity.

Under the section of plaintiff's second-amended complaint labeled "Common Allegations," plaintiff avers that defendant "did knowingly, intentionally and/or wilfully and wantonly maintain an intentional nuisance" by failing "to properly maintain weed control on the sides of the roadways of the intersection so that traffic control devices could be seen by motorists," and that defendant failed "to properly place and maintain said traffic control devices [so they] could be seen by motorists," and

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

failed "to maintain weed control so that it would not obscure vision of the stop sign . . . ." Count II of this complaint, entitled "Intentional Nuisance," incorporates these common allegations, avers that defendant had notice of the defects, and maintains that "allowing weeds to partially or totally obscure a stop sign at a right angle intersection of two high speed roadways taken with the remaining allegations constituted an intentional nuisance." Because this case was not decided pursuant to MCR 2.116(C)(10), we must accept plaintiff's allegations as true without regard to whether she would be able to substantiate them at trial. *Yarrick v Village of Kent City (On Remand),* 189 Mich App 627, 633; 473 NW2d 774 (1991).

Plaintiff's second-amended complaint was filed on March 23, 1988, well before our Supreme Court's decision in *Li v Feldt (After Remand),* 434 Mich 584; 456 NW2d 55 (1990), abrogating the previously existing intentional nuisance exception to governmental immunity. After *Li v Feldt (After Remand),* this Court in *Li v Feldt (On Second Remand),* 187 Mich App 475; 468 NW2d 268 (1991), rev'd on other grounds 439 Mich 457; 487 NW2d 127 (1992), determined that the plaintiff in that case had stated a public nuisance claim notwithstanding her focus on "intentional nuisance" in the trial court and on appeal. This Court noted that

> [t]he proper focus is not on the fact that plaintiff drafted her pleadings with an eye toward *intentional* nuisance, but on the substance of her pleadings and the fact that she did plead a *nuisance.* Given the uncertainty in this area, the fact that plaintiff initially focused on the wrong type of nuisance to label her claim is understandable and, more importantly, excusable. [187 Mich App 480. Emphasis in original.]

See also *Yarrick, supra* at 629, where this Court interpreted *Li (On Second Remand)* to mean that "raising the intentional nuisance issue was sufficient to preserve the issues of public nuisance and nuisance per se for this Court's consideration."

Having determined that plaintiff's second-amended complaint raises a public nuisance claim, we next consider whether this claim constitutes an exception to governmental immunity from tort liability under MCL 691.1407(1); MSA 3.996(107)(1). The answer to this question is undebatably negative in light of our Supreme Court's recent decision in *Li v Feldt (After Second Remand),* 439 Mich 457; 487 NW2d 127 (1992), that there is no public nuisance exception to governmental immunity. We therefore affirm the trial court's award of summary disposition on this issue.

We also reject plaintiff's argument that defendant's alleged failure to control roadside vegetation constituted an ultra vires act. In *Marlin v Detroit,* 177 Mich App 108, 113; 441 NW2d 45 (1989), this Court stated:

> Generally, the omission of an act is not sufficient to elevate even intentional omissions of a duty, i.e., negligence, to an ultra vires intentional tort. The commission of an act, rather than an omission, is required.

The allegations contained in plaintiff's second-amended complaint are insufficient to raise a claim of ultra vires activity on defendant's part. The lower court therefore properly granted defendant summary disposition of plaintiff's ultra vires claim.

Affirmed.