MARLIN v CITY OF DETROIT (AFTER REMAND)

Docket No. 140367. Submitted March 1, 1994, at Detroit. Decided May 16, 1994, at 10:00 A.M. Leave to appeal sought.

Constance F. Marlin, for herself and as conservator of the estate of John E. Marlin, deceased, brought an action in the Wayne Circuit Court against the City of Detroit and others, seeking damages and alleging in part that the city violated her rights to due process under Const 1963, art 1, § 17 by depriving her of the personal effects found on the decedent when he was discovered dead by Detroit police officers. The plaintiff contended that the city failed to comply with a requirement of the medical examiners' act, MCL 52.208; MSA 5.953(8), to turn over to the person entitled to the custody or possession of a decedent's body personal belongings found on the body and not required as evidence. The court, Thomas J. Foley, granted summary disposition for the city on the ground of governmental immunity. The Court of Appeals, WAHLS, P.J., and McDONALD and C. W. SIMON, JR., JJ., reversed the grant of summary disposition with respect to the constitutional claim, holding that governmental immunity is not available as a defense to an action that is based on a violation of the state constitution, and remanded. 177 Mich App 108 (1989). On remand, the court, Henry Szymanski, J., denied the city's motion for summary disposition and, consistent with a jury's verdict, entered a judgment that awarded damages to the plaintiff. The city appealed.

After remand, the Court of Appeals *held:*

In retaining and conserving the property at issue until such time as the plaintiff claimed it, the city did not violate the constitutional prohibition against deprivation of property without due process.

Reversed and remanded for entry of summary disposition for the city.

CONSTITUTIONAL LAW — DUE PROCESS — DEPRIVATION OF PROPERTY.

For purposes of the Due Process Clause, a deprivation must

REFERENCES

Am Jur 2d, Constitutional Law §§ 806-810.
See ALR Index under Due Process.

involve an intentional act denying something to someone or a deliberate decision not to act to prevent a loss; a municipal police department, in retaining and conserving personal property found on a decedent until such time as the decedent's next of kin or a person entitled to the custody or possession of the decedent's body claims the property, does not deprive the decedent's survivors of property without due process (Const 1963, art 1, § 17).

*Fieger, Fieger & Schwartz, P.C.* (by *Geoffrey N. Fieger*), for the plaintiff.

*Donald Pailen,* Corporation Counsel, *Joanne E. Stafford,* Supervising Assistant Corporation Counsel, and *Leona L. Lloyd,* Principal Assistant Corporation Counsel, for the defendant.

AFTER REMAND

Before: REILLY, P.J., and GRIFFIN and C. L. BOSMAN,* JJ.

REILLY, P.J. Defendant appeals as of right the judgment entered in favor of plaintiff following a jury trial in circuit court. We reverse and remand for entry of an order granting summary disposition to defendant. MCR 2.116(C)(10).

The facts of this case were set forth in *Marlin v Detroit,* 177 Mich App 108; 441 NW2d 45 (1989). There, plaintiff appealed the circuit court order that granted defendant summary disposition based on governmental immunity. MCR 2.116(C)(7). This Court first held that the failure to return the decedent's property "constitutes negligence and not an ultra vires act" that would avoid governmental immunity. *Id.* at 114. However, in regard to plaintiff's "constitutional violation claim," this Court noted that governmental immunity is not

---

* Circuit judge, sitting on the Court of Appeals by assignment.

available as a defense. Therefore, the case was remanded for a determination whether plaintiff had pleaded a violation of the Michigan Constitution by virtue of a governmental custom or policy. *Id.*

On remand, defendant moved for summary disposition pursuant to MCR 2.116(C)(8) and (10). In her response to the motion, plaintiff acknowledged that her claim did not come under the Equal Protection Clause of Const 1963, art 1, § 2. However, plaintiff argued that a trier of fact might properly conclude that her procedural due process rights, protected under Const 1963, art 1, § 17, were violated. Defendant's motion was denied, and defendant's application for leave to appeal was denied.

Initially, we note that the law in the area of judicially inferred causes of action for damages for a violation of the Michigan Constitution is undeveloped. In *Smith v Dep't of Public Health,* 428 Mich 540; 410 NW2d 749 (1987), a majority of the justices agreed that "[a] claim for damages against the state arising from violation by the state of the Michigan Constitution may be recognized in appropriate cases." *Id.* at 544. However, the Court did not determine whether the circumstances in that case could support such a claim because the record was inadequate.[1] Decisions of this Court and the Supreme Court after *Smith* provide little guidance in determining whether the facts of a given case are appropriate for inferring a cause of action for damages resulting from violation of the Michigan Constitution. However, we find the observations of Justice BOYLE in *Smith* to be helpful in providing a framework in which to decide this case.

---

[1] The complaint did not specify whether procedural or substantive issues were at issue and the parties had not briefed the issue whether a constitutional violation had actually occurred. Opinion of BOYLE, J., at 650.

According to Justice BOYLE's opinion, "The first step in recognizing a damage remedy for injury consequent to a violation of our Michigan Constitution is, obviously, to establish the constitutional violation itself." *Id.* at 648. In this respect, plaintiff's claim depends upon a showing that, by virtue of a custom or policy, defendant deprived plaintiff of her property without due process of law.

Plaintiff argues that defendant deprived her of her property by failing to notify her of the property's whereabouts, and that the failure to notify amounts to a constitutional violation. Plaintiff does not contend that defendant refused to give her the decedent's personal effects when they were requested. Nor does plaintiff argue that the police department acted improperly in initially taking possession of the property. Rather, plaintiff's claim is based on the premise that the police department had a custom or policy of simply placing property no longer required as evidence in the property office without taking further steps to deliver the property to the owner or the person entitled to receive the property, which plaintiff contends violates MCL 52.208; MSA 5.953(8).[2]

---

[2] MCL 52.208; MSA 5.953(8) provides:

> In all cases arising under the provisions of this act, in the absence of next of kin of the deceased person, the senior police officer being concerned with the matter, and in the absence of police, the county medical examiner or his deputy, shall take possession of all property of value found upon the person of the deceased, make an exact inventory report thereof and shall deliver the property, unless required as evidence, to the person entitled to the custody or possession of the body. If the personal property of value is not claimed by the person entitled to the custody or possession of the body of the decedent within 60 days, the property shall be turned over to an administrator or other personal representatives of the decedent's estate to be disposed of according to law; or, if required as evidence, the property within 60 days after the termination of any proceeding or appeal period therefrom permitted by law shall be turned over to the person entitled to the custody or possession

Const 1963, art 1, § 17 states: "No person shall . . . be deprived of life, liberty or property, without due process of law." In *Parratt v Taylor,* 451 US 527, 548; 101 S Ct 1908; 68 L Ed 2d 420 (1981), Justice Powell's concurring opinion discussed the nature of a deprivation in the context of the Due Process Clause of the Fourteenth Amendment:

> A "deprivation" connotes an intentional act denying something to someone, or, at the very least, a deliberate decision not to act to prevent a loss. The most reasonable interpretation of the Fourteenth Amendment would limit due process claims to such active deprivations.

This view was later adopted by the Court in *Daniels v Williams,* 474 US 327, 330-331; 106 S Ct 662; 88 L Ed 2d 662 (1986), which was quoted by Justice BOYLE in *Smith, supra* at 650.

Even if we accept as true plaintiff's assertion that defendant had a custom or policy of taking possession of property and holding it without trying to locate the rightful owner of the property, it still cannot be established that such a custom or policy *deprived* anyone of property. Although plaintiff was temporarily unable to obtain possession of her husband's property because she was unaware of its whereabouts, she was not deprived of the property by city policy or custom.[3]

Plaintiff did not show a policy or custom of an "intentional act denying something to someone." *Parratt, supra* at 548. The property was released

---

of the body, or to an administrator or other personal representative of the decedent's estate. Nothing in this section shall affect the powers and duties of a public administrator.

[3] Our decision is not based on the temporary nature of plaintiff's lack of possession, but on the absence of a deprivation. "[A] temporary, nonfinal deprivation of property is nonetheless a 'deprivation'" in terms of due process analysis. *Fuentes v Shevin,* 407 US 67, 85; 92 S Ct 1983; 32 L Ed 2d 556 (1972).

to plaintiff's representative on request. Nor did plaintiff show a policy or custom of "a deliberate decision not to act to prevent a loss." *Id.* There was no "loss" of property inasmuch as it was always available to plaintiff on request. Moreover, assuming that defendant's employees were obligated to return the property to the rightful owner under MCL 52.208; MSA 5.953(8), plaintiff has not alleged or established that failure to do so was intended to deny her possession. Mere negligence does not work a deprivation in the constitutional sense. *Daniels, supra* at 330; *Smith, supra* at 650.

Under these circumstances, the retention of the property was custodial in nature. The property was conserved for the benefit of the rightful owner until such time as that individual claimed it. We hold that such retention does not constitute a deprivation of property for the purpose of establishing a due process claim. See *Evans Products Co v State Bd of Escheats,* 307 Mich 506, 540; 12 NW2d 448 (1943); *Schoener v Continental Motors Corp,* 362 Mich 303, 310; 106 NW2d 774 (1961); *Williams v Meese,* 926 F2d 994, 998 (CA 10, 1991).

Therefore, we conclude that plaintiff's claim does not satisfy the first step of the analysis, that is, demonstrating that a constitutional violation occurred. Furthermore, even if the retention of property without an effort to locate the owner could be considered a deprivation of property, we conclude that the lack of "clarity of the constitutional protection and violation" in this case would militate against a judicially inferred damage remedy. *Smith, supra* at 651.

Because plaintiff failed to establish a genuine issue of material fact that a constitutional violation occurred, defendant was entitled to judgment as a matter of law. In light of our resolution of

this issue, we decline to address defendant's remaining issues.

Reversed and remanded for the entry of an order granting summary disposition to defendant.